NICHOLS, SHEPARD & Co., Appellant, v. E. W. JONES, Respondent.

Kansas City Court of Appeals, December 20, 1888.

1. **Practice** : ADMISSIBILITY OF EVIDENCE : ADMISSIONS OF FACT BY ATTORNEY. Admissions of fact by an attorney in one action, are not admissible in evidence against the client in another action, unless the client acquiesced in the admissions.

2. ———— : EVIDENCE : AVERMENTS IN PLEADINGS : HOW FAR ADMISSIONS. Allegations in pleadings in a suit at law are receivable against the party, in a subsequent suit between him and a stranger, as his solemn admission of the truth of the facts recited. But the pleading is not admitted as conclusively establishing the facts alleged therein, and is to be treated according to the principles governing admissions.

3. ———— : ———— : ADMISSIONS OF ATTORNEY RELATING TO TRIAL BINDING ON CLIENT. An attorney, in all matters relating to the progress and trial of the cause, may bind his client. And so admissions, made by the attorney for the purpose of alleviating the stringency of some rule of practice, or of dispensing with the formal proof of some fact at the trial, are binding upon the client for the purposes of the case in which they are made. But the attorney's power is not general, but special, confined to the particular case in which he is employed ; and hence his admissions cannot be received outside of the case, unless the client has made the admissions his own by acquiescing in them.

4. ———— : WITNESSES : COMPETENCY OF PARTY IN INTEREST AT COMMON LAW, AND UNDER SECTION 4010, REVISED STATUTES : CASE ADJUDGED: The common law, as to the competency of a party in interest as witness, was that he was not so competent. Under our statute (R. S. sec. 4010) one who contracts with the agent of a corporation is not a competent witness in his own favor as to such contract, or the admissions and declarations of the agent, after the latter's death. And if, at common law, the surviving party (as one of the witnesses was here) would have been incompetent on account of interest, he is incompetent under the statute.

5. ———— : INSTRUCTIONS : WHEN ERRONEOUS. The giving of instructions for the defendant, in conflict with those given for plaintiff in which the law was correctly declared, is error.

VOL. xxxii—42

*Appeal from Pettis Circuit Court.*—Hon. Richard
Field, Judge.

Reversed and remanded.

Statement of case by the court.

This was an action by the plaintiff, a corporation
under the laws of Michigan, upon a promissory note
executed by defendant together with Ellis J. Pursell
and R. R. Henderson. The defense out of. which grew
the questions presented to us for determination was,
that the note in suit was, together with two other notes,
given for a threshing-machine sold by plaintiff to Pur-
sell and Henderson, and that the defendant had executed
the notes as surety for the said Pursell and Henderson;
that subsequent to the execution of the notes, the plain-
tiff, through its duly authorized agent, entered into a
new agreement with the defendant's principals by which
the machine was returned to the plaintiff and the said
principals released from liability on said notes; and
that thereby the defendant was discharged from all lia-
bility as said surety.

Long prior to the institution of the present action
the plaintiff had brought a suit on the note sued on in
this case against all the parties thereto before a justice
of the peace. The attorney of the plaintiff in the suit
before the justice of the peace, wrote the latter the fol-
lowing letter:

"Sedalia, Mo., September 27th, 1879.
"C. W. Goodrich, J. P.,
"Houstonia, Mo. :
"Dear Sir :—It will be impossible for me to come
up on Monday to attend to case of Nichols, Shepard &
Co. *vs.* Henderson, Pursell and Jones, on account of
other business, and I do not think there is any necessity
of my coming. The note you can place in evidence for
me, and then if Mr. Henderson does not show conclu-
sive to you that he never executed the note, or that the

same has been paid, and presents receipts showing payments of same, you will be compelled to render judgment in favor of plaintiff.

"We have agreed upon a statement of facts. Mr. G. P. B. Jackson, attorney for Pursell, and myself as to Pursell, and you can render judgment in favor of Pursell as to debt and costs, and then find the amount due on the note against Henderson and Jones, and render judgment against them. Mr. Jones will instruct you about what he wants done after judgment is rendered.

"R. C. SNEED,

"Attorney for plaintiff."

Upon the letter was the following endorsement:

"We approve the above and agree that under the enclosed statement judgment be for the defendant Pursell; as to the other defendants we have no authority, and do not represent them.

"HEARD & JACKSON."

The enclosed statement or agreement of facts referred to in the endorsement was as follows:

"Nichols, Shepard & Co., Plaintiff,
        vs.
Henderson et al., Defendants.

"In Justice Court of C. W. Goodrich, J. P., Houstonia Township, Pettis County, Mo.

"It is hereby agreed that J. R. Stewart, acting as the agent of plaintiff with power in that behalf, heretofore entered into an agreement for plaintiff with E. J. Pursell, one of the defendants, to the following effect:

"That as Pursell and Henderson had bought a threshing-machine from Stewart, as the agent of the plaintiff, and given three notes therefor, one of which is the note here in suit, and said notes not being paid, and said Stewart, as agent aforesaid, desiring to make different arrangements and to take other security, which he could not obtain while Pursell remained a part owner, it was agreed that Pursell should return or deliver back to Stewart, as said agent, the threshing-machine, and allow Stewart to make a new sale of it,

and release Pursell from any liability on any of said notes ; that in pursuance of said agreement, Pursell did deliver back said machine to Stewart as said agent, and Stewart did make a new sale thereof, and Pursell was then and thereby released from liability on said notes.

" This agreement of facts shall be used on the trial of this cause, and shall have the same effect as though the said J. R. Stewart was present on the trial of this cause, and was sworn as a witness and testified thereto.

"R. C. Sneed,

"Sept. 27, 1879.        Attorney for plaintiff.

",Heard & Jackson,

" Attorneys for Pursell."

It seems that the defendant had requested the institution of the suit before the justice of the peace ; but upon examining the foregoing letter and statement of facts which the justice had filed in the case, he concluded, after consultation with counsel, that they gave him a valid defense and that he would set it up. Plaintiff's attorney learning that such was the defendant's intention withdrew said papers and dismissed the case.

The court below, against the plaintiff's objections, permitted the defendant to introduce the said letter, with its indorsement and the statement of facts, in evidence.

At the institution of this suit, the plaintiff's agent Stewart was dead. The defendant was permitted against the plaintiff's objections, to read in evidence two depositions of Pursell, one of the defendant's principals in the note, tending to prove the agreement alleged in the answer between the said principals in the note and the plaintiff, through its agent Stewart.

The court gave for the defendant, among others, the following instruction :

" It is admitted for the purpose of this case that J. R. Stewart was the agent of plaintiff in selling the machine and taking the three notes and chattel mortgage for the same, and it devolves on plaintiff to show

that his said agency thereafter ceased, and if plaintiff has not done so, then plaintiff is bound by his acts as detailed in the evidence."

*G. W. Barnett* and *R. C. Sneed*, for the appellant.

(1) Ellis J. Pursell was not a competent witness to prove the contract releasing him from the note when J. R. Stewart, the agent of the plaintiff corporation, with whom the contract of release was alleged to have been made, was dead, because Ellis J. Pursell was a party to such contract, and when Stewart, the contracting agent of the corporation, was dead, Pursell, the other party to the contract, cannot testify. Therefore, the court erred in admitting the two depositions of Ellis J. Pursell. *Williams v. Edwards*, 94 Mo. 447; *Coughlin v. Hansler*, 50 Mo. 126. (2) The court erred in admitting the letter and stipulation offered by defendant, alleged to have been filed before the justice of the peace at Houstonia, for the reasons: Said papers are not sufficiently proved to be copies; the stipulation was simply an agreement made by the attorneys in the case before the justice of the peace, as to what Stewart's testimony would be, and made simply for the purposes of that case and was withdrawn without being used. Such statement was not sworn to and cannot be regarded as the testimony of Stewart in a former trial so as to authorize it to be used in this case, on the ground that Stewart was dead. (3) The court erred in giving instruction number five in behalf of defendant against plaintiff's objection, because it announces in effect the doctrine that if Stewart was the agent to sell the machine and take the note, the presumption is that he had the authority to make a contract releasing the maker from the payment of the note, unless the plaintiff had shown the authority to sell had ceased. This instruction is in the face of the law. (4) The other instructions for defendant ignore vital issues; change the burden of proof from where

the law places it; and are not supported by the evidence. (5) The court erred in refusing the instruction asked by plaintiff in the nature of a demurrer to the evidence, since there was no evidence to show the agent's authority to make the alleged release.

*E. J. Smith*, for the respondent.

(1) Pursell was a competent witness. He is not a party to the suit and does not testify in his own favor. His deposition was on file before Stewart's death. *Amonett v. Montague*, 63 Mo. 201, 75 Mo. 43; *Looker v. Davis*, 47 Mo. 140; *Angel v. Hester*, 64 Mo. 142; *State ex rel. v. Haff*, 63 Mo. 288; *Schweckerath v. Cooksey*, 53 Mo. 83; *Meier v. Thieman*, 15 Mo. App. 307; *Fyke ·v. Lewis*, 15 Mo. App. 588; *Pritchett v. Reynolds*, 21 Mo. App. 674. The case of *Williams v. Edwards*, 94 Mo. 447, referred to in plaintiff's brief is not in point; that was where the party to the suit was held incompetent, the agent of the corporation with whom he contracted being dead. Here no objection is made to defendant as witness; besides his testimony is immaterial. (2) It was not error to admit in evidence the copies of the letter and stipulation filed in the suit on this same note in the justice court. Said papers were fully proved to be copies. It is seen by the testimony taken that defendant testifies they are copies of the originals which he saw in the justice court. The justice of the peace certified that they were true copies, and R. C. Sneed, attorney and witness for plaintiff, and who signed them for plaintiff, testified he drew and filed and then withdrew the originals, and that "probably these are copies." There can be no objection to these on the ground that they are not sworn to. They are in the nature of admissions by plaintiff and take the place also of the deposition of J. R. Stewart, who was plaintiff's agent. This also avoids the objection to Pursell, if there was any, as a witness. Because though Stewart is dead this serves as his deposition. Therefore Pursell may testify to the same transaction about which Stewart

did. It is seen this stipulation is to have the same effect as though Stewart was present as a witness and being sworn, testified to the facts therein contained. (3) There was no error in the giving of instructions for defendant. There cannot properly be drawn a distinction between this case and those decided in this state where the agency of the party receiving the payment was held sufficiently established, and that the payment discharged the debt and defeated the action. *Sumner v. Saunders*, 51 Mo. 89, 94 Mo. 353 ; *Brooks v. Jameson*, 55 Mo. 505 ; *Rice v. Groffman*, 56 Mo. 434 ; *Hayner v. Churchill*, 29 Mo. App. 676 ; *Kent v. Congdon*, 33 Fed. Rep. 228. (4) There was no error in giving the third and fourth instructions for defendant. The facts recited in them make a *prima-facie* case of either authority in Stewart as agent, or of acceptance and ratification by plaintiff. *Major v. Hill*, 13 Mo. 247 ; *Pearce v. Danforth*, 13 Mo. 360 ; *Burke v. Adams*, 80 Mo. 504. (5) A glance at plaintiff's instructions will show that they put the case very strongly for plaintiff. They were all the plaintiff asked. There have been three suits upon this note and one hung jury in the case. Upon the whole it must be admitted that the whole case was put fairly to the jury, and the verdict and judgment are for the right party and should be affirmed.

*G. W. Barnett* and *R. C. Sneed*, in reply.

(1) In reply to respondent's brief, appellant states that Pursell is not rendered a competent witness by reason of not being a party to this suit. He is a party to the contract and the note sued on, and the testimony would be in his favor if he were a party to the suit, and hence he is incompetent. *Meier v. Thieman*, 90 Mo. 434. If the three cases cited by respondent from St. Louis court of appeals sustain respondent's position, said decisions are in direct conflict with and overruled by *Meier v. Thieman*, *supra*. (2) In reply to respondent's second point would suggest that

the rule admitting the evidence given on a former trial by a witness since dead, turns upon the right of cross-examination. 1 Greenl. on Evid. chap. 10, secs. 163 to 166 inclusive. Here there was no right of cross-examination. In fact no evidence was given, simply a stipulation drawn up by the attorneys to be used, which was never used, but withdrawn ; and which was neither signed nor sworn to by Stewart.

HALL, J.—I. The letter with the indorsement thereon and the statement of facts filed in the case before the justice of the peace were not admissible in evidence in this case. Admissions of fact by an attorney in one action are not admissible in evidence against the client in another action, unless the client acquiesced in the admissions. *Wilkins v. Stidger,* 22 Cal. 239 ; *Harrison v. Baker,* 5 Litt. 250 ; *Etting v. Scott,* 2 Joleno, 156 ; 1 Phil. on Ex. p. 508, notes 141, and p. 523, note 148. There was no evidence of the plaintiff's acquiescence in the statements made by its attorney in said papers.

Allegations in the declarations or pleadings in a suit at law are receivable against the party in a subsequent suit between him and a stranger, as his solemn admission of the truth of the facts recited (1 Green on Ex. sec. 186) because *prima facie* the party acquiesced in the allegations in his pleadings, and the attorney's statement was his statement. But the pleading is not admitted as conclusively establishing the facts alleged therein, and is to be treated according to the principles governing admissions. 1 Green on Ex. sec. 527a.

An attorney, in all matters relating to the progress and trial of the cause, may bind his client. And so admissions made by the attorney for the purpose of alleviating the stringency of some rule of practice, or of dispensing with the formal proof of some fact at the trial, are binding upon the client for the purposes of the case in which they are made. 1 Green on Ex. sec. 186. But the attorney's power is not general, but special, confined to the particular case in which he is employed,

and hence his admissions cannot be received outside of said case, unless the client has made the admissions his own by acquiescing in them.   1 Phil. on Ex. *supra.*

II.   The depositions of Pursell were not admissible in evidence.   He would not have been a competent witness in this case at common law for the defendant.   It is true that he was not a party to the record, but he was a party in interest, and his interest was in favor of the defendant, his surety, to the amount of the costs of the suit.   The common-law rule on this question was: "In an action on a joint and several bond, against one of the obligors, who was surety for another, that other obligor (the principal) is not competent for the defendant, to prove a payment of money by himself in discharge of the bond ; for he has an interest in favor of his surety to the extent of the costs of the action." 3 Phil. on Ex. 44, 68, 74, and cases cited.

Was Pursell a competent witness under our statutes for the defendant?   Our statute on this subject is as follows, so far as it is material to this case : "No person shall be disqualified as a witness in any civil suit or proceeding at law or in equity, by reason of his interest in the event of the same as a party or otherwise, but such interest may be shown for the purpose of affecting his credibility, provided that in actions where one of the original parties to the contract or cause of action in issue and on trial is dead, or is shown to the court to be insane, the other party shall not be admitted to testify in his own favor." R. S. sec. 4010.   Under this statute, one who contracts with the agent of a corporation is not a competent witness in his own favor as to such contract, or the admissions and declarations of the agent, after the latter's death.   *Williams v. Edwards,* 94 Mo. 447.

The depositions of Pursell related entirely to the contract between himself and the plaintiff's deceased agent Stewart, pleaded in the answer, and hence under the case just cited were inadmissible, unless Pursell was a competent witness, for the reason that he was not a party to the record.

The fact that Pursell was not a party to the record made no difference. He was a party in interest, at common law he would have been incompetent on account of such interest, and under this statute he was incompetent to testify to the contract or any transaction in relation thereto, had by him with the deceased agent. *Meier v. Thieman*, 90 Mo. 442. The purpose of the statute "is to provide that when one of the parties to a litigated obligation is silenced by death, the others shall be silenced by law," and if at common law the surviving party would have been incompetent on account of interest, he is incompetent under the statute. *Id.*; *Ring v. Jamison*, 66 Mo. 424; *Angell v. Hester*, 64 Mo. 142.

III. The court erred in giving instruction number five for the defendant. That instruction was in conflict with the law as correctly declared in the following instruction given for the plaintiff:

"The court instructs the jury, that although they may believe from the evidence that John R. Stewart was the agent of the plaintiff, with full power both to sell machinery and take notes therefor, and with power to collect said notes, yet such power and authority to sell and collect does not imply authority to compromise such notes, and unless the jury believe from the evidence that said Stewart, in addition to the authority to sell and collect, was authorized and empowered by plaintiff to compromise the notes sued on, or was authorized generally to compromise notes for plaintiff, then the jury will find for plaintiff."

The judgment is reversed and cause remanded. All concur.