[No. 15647.    Department One.—December 26, 1894.]

E. B. DEAN ET AL., RESPONDENTS, v. WILLIAM M. ROSS ET AL., DEFENDANTS, HENRIETTA G. WITZEMANN, APPELLANT.

INSTRUCTIONS—QUESTION OF FACT.—An instruction to the jury, which assumes as undisputed a question of fact which ought to be submitted to the jury, is prejudicial error.

ID.—WITHDRAWING QUESTION OF FACT FROM THE JURY.—It is only where a fact is admitted, or there is no shadow of conflict of evidence with respect to it, that the court is justified in taking the fact from the consideration of the jury.

ID.—PART OWNERSHIP OF VESSEL—LIABILITY FOR CONSTRUCTION—ERRONEOUS CHARGE TO JURY.—In an action to recover a balance due on an account for lumber used in the construction of the vessel, in which one of the defendants is claimed to have been a part owner, at the time of the furnishing of the lumber, where the evidence of the defendant is such that a finding in favor of the contention that the defendant did not become a part owner of the vessel until after it was built, would be sustained, an instruction to the jury that there was no question of fact to be submitted to the jury as to the question of ownership, and that the defendant was liable for the lumber as part owner in the vessel, erroneously charges the jury upon a question of fact, contrary to section 19 of article VI of the constitution of this state.

EVIDENCE—DECLARATIONS OF CODEFENDANT.—Evidence as to the declarations of one defendant are not admissible against a codefendant, where they are not joint defendants in a sense which would make the declarations of one binding upon the other.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Charles F. Hanlon,* for Appellant.

*Henley & Costello,* for Respondent.

Van Fleet, J.—This is an action to recover a balance due on an account for lumber alleged to have been bought by defendants from plaintiffs with which to construct a schooner.

Defendants other than Henrietta G. Witzemann made default. The latter answered, and at the trial verdict and judgment were against her. She appeals from the judgment and an order denying her motion for new trial.

1. The contract for the lumber was made by the defendants, John and William M. Ross, at plaintiff's mill in Oregon, and the vessel was built at Coos bay, in that state, under the immediate supervision of the Rosses or one of them.

The appellant who lives in the city of San Francisco, in this state, had no direct dealings with the plaintiffs, and was not known to them in the transaction when they sold the lumber, but the theory on which the action proceeded against her was that she was a part owner in the vessel at the time the lumber was bought, and hence, jointly with the other defendants, liable therefor.

The only evidence tending to connect appellant with the transaction was that given by herself. She was called as a witness on behalf of plaintiffs, and testified: " I have four shares in the schooner *Maggie Ross;* have had them since I bought them from Captain Ross five years ago, just at the time he started to build it; that is one-sixteenth. Captain Ross came to me and said he was going to build a vessel, and I told him I didn't want any vessel built, but if he wanted to build a vessel he could do so, and I would take four shares. I did this at the time he was building the vessel. I do not own them now. I held the shares only a couple of years. . . . . I took them when it was built, and Captain Ross built the vessel, and I paid him all my bills, and I got my receipts to show I paid it to Captain

Ross." Called as a witness on her own behalf, she further testified: "I never ordered any lumber from the plaintiffs in this action, or for any purpose mentioned in the complaint, and never agreed with any of the plaintiffs in this case to pay them for any lumber. I never authorized Captain Ross or any other person to buy lumber from them on my account, or to build a schooner for me, or any part of it for me. . . . . Captain Ross came in with his bills, and I paid the bills to him at different times. He said he wanted to build a vessel. I told him all right, if he wanted to build one, why, after the vessel was built, I would take some shares from him. . . . . When Captain Ross first told me he was going to build a vessel I told him he could build a ship, but not on my account; if he wanted to build one he had to build it himself." The bills referred to by appellant as having been paid by her to Captain Ross were for her shares in the vessel, for which she paid in four installments. The receipt for the first installment was put in evidence, and reads:

"SAN FRANCISCO, April 5, 1888.

"Received of Mrs. H. G. Witzemann $312.50, being the first payment of twenty per cent on four shares in new steamer built in Coos bay.

[SIGNED]   "JOHN ROSS."

Appellant testified that the last installment was paid after August, 1888. "After I paid my said four installments I then became the owner of four shares. Don't know when the last payment was made; it is so long ago. Paid between fifteen hundred and sixteen hundred dollars in all."

Upon this evidence the court below charged the jury: "Now, gentlemen, this case simply presents this question, so far as you are concerned: It appears from the evidence and pleadings in this case the plaintiffs here furnished lumber during a period from the early portion of 1888 until September of that year, for the purpose of building this schooner, the *Maggie Ross.* It

appears from the testimony here that certain persons were holding different shares in this vessel, and this defendant, Mrs. Witzemann, became the owner of four shares in the vessel, and therefore was part owner in the vessel. So, as a matter of law, I charge you that she is responsible for this lumber that may have gone into it, consequently there is no dispute on that proposition."

At the conclusion of the charge, and before the jury retired, the appellant's attorney said: "I wish to note an exception to the charge of the court that she is found to be an owner of the vessel, or any part of it, at the time the bill was incurred. That is a question that should have been left to the jury.

"*The Court.* There is no question of fact here to be submitted to the jury as to the question of ownership."

Appellant excepted to this feature of the charge, and now complains that it is obnoxious to section 19 of article VI of the constitution of this state, which prohibits judges from charging juries upon questions of fact.

We think it a very plain transgression of the line which separates the functions of the judge from those of the jury, and therein falls within the denunciation of the provision in question. It assumes as proven the essential fact upon which, under the theory upon which the case was tried, the right of plaintiffs to recover against appellant depended. It is conceded that if appellant bought her shares after the vessel was built she would not be liable, and the question therefore as to when she did become interested was the vital fact in the case. This fact the instruction of the court assumes to have been established in accordance with plaintiffs' theory. The evidence by no means warrants that assumption. To the contrary, the evidence on the point at issue was such that had the jury seen fit to find in favor of appellant's contention it could not be held that the finding was wholly unsupported. Appellant was testifying to an event some time past. She said—speak-

ing of the purchase of the shares—" I bought them from Captain Ross five years ago, just at the time he started to build it [the vessel]. He said he wanted to build a vessel; I told him all right, if he wanted to build one, why, after the vessel was built, I would take some shares from him." In another place she said she got the shares after the boat was built; and the language of the receipts given her by Ross would tend, at least, to bear out the claim that she got her shares subsequent to the time the vessel was constructed, the vessel being therein referred to as " built at Coos bay." Admitting that appellant's evidence is open to the charge of equivocation it was nevertheless such as at least to leave the fact in issue, and she was entitled to have the issue found by the jury. Withdrawing it from their consideration as the court did was prejudicial error.

It is only where the fact is admitted, or there is no shadow of conflict of evidence with respect to it, that the court is justified in taking it from the consideration of the jury. (*People* v. *Phillips,* 70 Cal. 68; *Vulicevich* v. *Skinner,* 77 Cal. 239.)

2. We think the court erred in admitting against appellant's objection the testimony of the witness, Wilcox, as to the declarations of Captain Ross about the correctness of the bill for the lumber. They were not joint defendant's in any sense which would make his declarations binding upon appellant; and the evidence did not tend to establish any such legal relation between them as to make his declarations admissible as against her.

The other points made do not require to be noticed.

The judgment and order denying new trial are reversed.

GAROUTTE, J., and HARRISON, J., concurred.

Hearing in Bank denied.