[S. F. No. 2275. In Bank.—June 29, 1903.]

## OLGA R. J. DAUBERT, a Minor, by her Guardian, Appellant, v. WESTERN MEAT COMPANY, and ANNIE T. DAUBERT, Respondents.

ACTION FOR DEATH—JUDGMENT IN FAVOR OF WIDOW—POSTHUMOUS CHILD PRECLUDED.—An action for death is statutory. The statute of this state contemplates but one action and one recovery. A judgment in favor of a widow for the death of her husband, she being the only heir then capable of maintaining an action therefor, exhausts the right given by the statute, and precludes a subsequent action for the same death by a posthumous child, whose existence in its mother's womb was unknown to the defendant at the time of the previous action, trial, and judgment. [Beatty, C. J., dissenting.]

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion of the court rendered in Department.

William J. Herrin, for Appellant.

A child conceived, but not yet born, is to be deemed an existing person, so far as may be necessary for its interests in the event of its subsequent birth. (Civ. Code, sec. 29; *George and Richard case,* 3 L. R. Ad. & E. 465; *Quinlan* v. *Welch,* 69 Hun, 584; *Nelson* v. *Galveston etc. Ry. Co.,* 78 Tex. 621;[1] *Missouri Pacific Ry. Co.* v. *Lehmberg,* 75 Tex. 61; *Thellerson* v. *Woodford,* 2 Ves. Jr. 319; 16 Am. & Eng. Ency. of Law, 2d ed., pp. 261, 262.)

C. H. Wilson, and Jesse W. Lilienthal, for Respondents.

A posthumous child cannot maintain an action for a tort committed prior to its birth. (*Walker* v. *Great Northern Ry.,*

[1] 22 Am. St. Rep. 81.

28 L. R. (Ireland), 69; *Dietrich* v. *Northampton*, 138 Mass. 14;[1] *Allaire* v. *St. Luke's Hospital*, 184 Ill. 359,[2] affirming 76 Ill. App. 441; *Gorman* v. *Budlong*, 23 R. I. 169.) An action for death is statutory, and there can be but one action maintained therefor. (*Munro* v. *Pacific Coast Co.*, 84 Cal. 515-522;[3] *Hartigan* v. *Southern Pacific Co.*, 86 Cal. 143; *St. Louis etc. Ry.* v. *Needham*, 52 Fed. 371-375.)

SHAW, J.—Upon a further consideration of this case, we adhere to the views expressed in the opinion heretofore rendered by Mr. Justice McFarland. That opinion was not intended to declare that at the time the judgment in favor of the widow was given she was the only possible heir of the deceased. What is there intended is, that at that time the widow was the only heir capable of maintaining an action, or known to be in existence, and the only heir in actual potential existence. The record does not sustain the contention of the appellant, made on the rehearing, that the defendant at the time knew of the existence of the plaintiff here as an unborn child.

Something more may be said on the proposition stated in the former opinion, that the statute contemplates but one cause of action for damages for the death of a person. The decisions under the Texas statute are cited as holding a different rule, but the peculiar provisions of the Texas statute account for the difference in the decisions. It provides that an action for damages caused by the death of a person may be maintained by the husband, wife, child, or children, "or any one of them," and that the damages awarded shall be divided among those entitled, "in such shares as the jury shall find or direct." Under this section, it was held in Texas that the statute contemplated but one cause of action. (*Galveston etc. R. R. Co.* v. *Le Gierse*, 51 Tex. 190.) Afterwards, however, it was decided in that state that a previous unsuccessful attempt by a father to recover damages for the death of his wife did not bar a subsequent action by his children for the same damage; that although the statute intended but one action, yet where one of the persons entitled was not made

---

[1] 52 Am. Rep. 242.                    [3] 18 Am. St. Rep. 248.

[2] 75 Am. St. Rep. 176.

CXXXIX. Cal.—31

a party to that action, and it was known to the defendant that there were other persons, it was the duty of the defendant to have all the parties interested made parties, or, failing to do so, that he was subject to another suit by those heirs who were not parties to the first suit. (*Galveston etc. Ry. Co.* v. *Kutac,* 72 Tex. 643.) And the same proposition was in substance decided in *Nelson* v. *Galveston etc. Ry. Co.,* 78 Tex. 621.[1]) But these decisions were evidently based upon the part of the statute which required the jury to apportion the damages among the parties entitled, not by any specified rule, but in such proportions as the jury should see fit, under all the circumstances of the case. It was evidently considered from this provision that there was in some sense a several interest of the parties in the damages to be allowed under the statutory right of action. The decisions, therefore, are not applicable to our statute, which does not contain such a provision. In Kentucky the act provides that "the widow, heir, or personal representative" may sue. In that state it was held that there was but one cause of action allowed under the statute, that this action was complete at the death of the deceased, and the statute of limitations immediately began to run, if there was any person of the class to whom the right of action was given then capable of suing. Upon the point that there can be but one cause of action, the court in that case say: "Whenever a party has done an act which makes him liable in damages, and his liability is complete, and there is one *in esse* who can sue therefor and recover, the cause of action has certainly accrued against the defendant. But it is said that the cause of action has not accrued to the infant. There is but one cause of action. There can be but one recovery." (*Louisville etc. Ry. Co.* v. *Sanders,* 86 Ky. 260.) So in this state the statute gives *an action* which can be maintained either by the heirs or by the personal representatives. The recovery under this right of action has been made by a judgment in favor of the widow. The right given by the statute is therefore exhausted.

Whether the same rule would apply in a case where the other heir was in being, or where the existence of an unborn child was known to the defendant, at the time of the previous action and trial, are questions which the former opinion does not decide, and which are not intended to be here decided.

---

[1] 22 Am. St. Rep. 81.

All that is here decided, or intended to be decided, is that where a child is unborn and its existence unknown to defendant at the time the judgment in favor of the widow or other heirs is given, an action cannot be maintained by the child after its birth, notwithstanding the provisions of section 29 of the Civil Code, to the effect that an unborn child is deemed to be in existence so far as necessary for its interests, in the event of its subsequent birth.

The judgment is affirmed.

Angellotti, J., Van Dyke, J., McFarland, J., Lorigan, J., and Henshaw, J., concurred.

BEATTY, C. J., dissenting.—I dissent. There are two, and only two, questions presented by this appeal, but the judgment of the superior court has been twice affirmed,—first in Department, and now in Bank,—without any decision of the first, and without any discussion, and even without a plain statement of the second.

The appellant, to sustain her appeal, must establish two propositions: 1. If a man's death is caused by the wrongful act or neglect of another, and he leaves surviving him a wife and living child, and the wife sues alone for the damages recoverable under section 377 of the Code of Civil Procedure, a recovery by her in that action is not a bar to another action by the child; and 2. A child conceived, but not yet born at the time of the father's death, or at the time of the judgment in favor of the mother, has in this respect the same rights as a child living at the time of the father's death.

In both the Department and Bank opinion the first of these propositions is somewhat discussed with the apparent purpose of deciding against it, but in the end that line of reasoning is abandoned and a decision of the point expressly reserved, the appeal being disposed of upon the sole ground that whatever may be the right of a living child in such case, a posthumous child has no such right, because the latter is a part of the mother, and she is the *sole heir* of her deceased husband.

Neither the first nor the final opinion quotes the language of section 29 of the Civil Code or makes any attempt to show how it can be construed to mean the exact opposite of what it plainly says: "A child conceived, but not yet born, is to be

deemed an existing person, so far as may be necessary for its interests in the event of its subsequent birth.''

Why does not this plain declaration of the statute place a posthumous child upon the same footing with a living child with respect to an action under section 377 of the Code of Civil Procedure? If it would ever be necessary for the interests of a living child to prosecute a separate action after a recovery by its mother, how can it be less the interest of a posthumous child to prosecute the action? Is it again denied that a posthumous child is heir to its father? Has it less interest in the amount recoverable as compensation for the loss of family support? Is it better able than a living child to intervene in the first action? Is there some ground of estoppel against it that could not be urged against the suit of the living child? Is he participant of his mother's fraud in concealing his existence?

These and similar questions affecting the decision of the second point have been asked. . Not one of them has been answered. The point is decided, but the reasons are withheld.

As to the first proposition above stated, my individual opinion is of little consequence, since its decision is reserved by the court, but its affirmance is necessary to sustain my conclusion that the judgment of the superior court should be reversed. Section 377 of the Code of Civil Procedure makes the person whose wrongful act or neglect has caused the death of an adult liable to his heirs for such damages as may be deemed just. The action may be prosecuted by the heirs of the deceased or by his administrator or executor, but in either case the measure of liability is the same,—compensation to the heirs for loss of support in case of a death caused by neglect, compensation with punitive damages added in case of a malicious killing. If the recovery is by the personal representative, he, of course, holds the proceeds of the judgment in trust for the heirs. As to the rule by which such proceeds are to be divided, the law is silent. It may be that they would be treated as part of the residuary estate subject to distribution, and distributed accordingly by the probate court, or it may be that they would fall within the jurisdiction of a court of equity, and be distributed in proportion to the needs of the respective heirs. In either case, however, each heir would

have a several interest in the proceeds, and his rights ought not to be barred without his fault. If, therefore, an action is brought by some of the heirs without joining the others, that is not the action which the statute provides for, and it would be dismissed upon demurrer or plea, unless the proper parties were brought in. But if the defendant failed to make the objection in either mode that there was a nonjoinder of necessary parties plaintiff, and suffered a recovery by a part of those entitled to sue, he could not resist a recovery in a subsequent action by the other heirs of their share of the damages, unless he could show that the plaintiffs in the second action were estopped by some fraud or laches on their part. In this case the present plaintiff cannot possibly have been guilty of fraud or laches in connection with the former suit, for she was not born when the judgment was given, and if there was any fault it was the fault of the defendant in failing to make the issue and exact the proof that the mother was the sole heir.

Upon these grounds I dissent from the judgment.

HENSHAW, J., concurring.—I have concurred in the foregoing, but I think it proper to express additional reasons wherefore, in my judgment, the present action cannot be maintained. Our law contemplates that an action for a recovery in a case such as this may be brought either by the personal representative or by all the heirs. In the nature of things, where a pleading expresses the fact that the action is so brought by and on behalf of all the heirs, it is not expected that the defendant can or will controvert such an allegation, except upon the rare chance that he may happen to know of some heir unmentioned and omitted. Otherwise, he is entitled to rest without denial upon the allegation of the complaint, secure in his right to be subjected to the harassment of but one action, and, should recovery be had against him, to go free from further vexation and from being mulcted a second time by payment of the amount of this judgment. Therefore, to my mind, it matters not whether the omitted heir be an unborn child or be a living person. In the case where the defendant has suffered and paid judgment, he may plead that judgment in bar to any future action, because the judgment itself could not have been given against him, ex-

cepting upon the implied finding, necessarily made by the court in rendering judgment, that the action had been prosecuted by and on behalf of all the heirs. To this the answer may well be made that, in the case of an unborn or a minor child, a fraud will have been perpetrated upon it, and this is true; but the redress for this fraud does not lie in an action against the innocent party defendant who has once paid a judgment for his tort, but it lies against the fraudulent plaintiffs, and the omitted heir must seek his redress and recovery against them. In this case the child's right lies in an action against her mother for her fraud in omitting her as an heir in the action which she brought against defendant.

BEATTY, C. J.—The supplemental opinion of Justice Henshaw (which was first called to my attention after my dissenting opinion was filed) does not modify my views as there expressed. I think it only necessary to call attention to the fact that there is no ground for the assumption that in the action by the mother there was a finding expressed or implied that she was sole heir, or that in her complaint she alleged that she was sole heir. The only facts before us are the facts alleged in the complaint and confessed by the defendant's demurrer. All that is alleged is, that while plaintiff was *en ventre sa mere,* the mother recovered a judgment for the loss sustained *by her,* which judgment was then (at the filing of the complaint) suspended by an appeal to the supreme court, for which reason she refused to join in this action, and was therefore made a party defendant. It was also alleged that in her action the rights of this plaintiff were not considered or determined.

But suppose the fact was, as Justice Henshaw assumes, that the mother in her action alleged herself to be the sole heir, and that the defendant admitted the allegation, or that it denied it for want of information, and the court found the issue in her favor upon perjured testimony. Could her fraud and the laches or misfortune of the defendant deprive the unborn child of its right of action against the defendant and turn it over to the doubtful remedy of an action against its mother, who is possibly insolvent? If she is able to respond to such an action, she would be equally able to respond to a cross-complaint of this defendant in the present action to re-

cover from her the same damages that the plaintiff recovered against it. If either of two innocent parties is to be remitted to an action against the mother, it would be more consonant with equitable principles to select that one who was probably guilty of laches than one who could not possibly have been at fault.

The following is the opinion rendered in Department Two, June 20, 1902, which is affirmed in the opinion of the court in Bank:—

McFARLAND, J.—A demurrer to the complaint was sustained in the court below and judgment rendered for defendants. Plaintiff appeals from the judgment.

The demurrer was properly sustained, and the judgment is right. The complaint shows these facts: The father of appellant, Otto Daubert, was killed by the alleged negligence of the Western Meat Company, defendant. Afterwards the defendant herein, Annie T. Daubert, widow of said Otto, brought an action, as his heir, against said Western Meat Company to recover damages for his death, under section 377 of the Code of Civil Procedure; and in said action she recovered a judgment, which was entered March 4, 1898, against said company for five thousand dollars, which judgment was afterwards, upon appeal by the defendant therein, affirmed by this court. At the time of the death of Otto, at the time of the commencement of the said action by his widow, and at the time of the rendition and entry of the judgment therein, the present plaintiff was not in existence, being at all said times *en ventre sa mere* and a part of her mother. After the entry of the said judgment in favor of the mother, the plaintiff herein was born, and this present action was commenced in her name by her guardian to recover another judgment against the Western Meat Company for the death of said Otto. Annie T. Daubert was made a defendant herein because she refused to join with plaintiff.

The former judgment in favor of the mother is a bar to the present action. The action is statutory. The provision of said section 377 is, that "an action" may be brought either by the heirs or the personal representative of the deceased; and it has been held that—at least, as between the heirs and the per-

sonal representative—"but one action is permitted." (*Munro* v. *Pacific Coast etc. Co.*, 84 Cal. 515.[1]) We are not concerned here with questions which might arise where an action was brought by only one or two of several existing heirs,— whether, in such case, a suit by some of the heirs would bar a subsequent suit by others, or whether the latter would be confined to their right of contribution, or what the duty of a defendant would be where it appeared from the complaint that there were other heirs not joined as plaintiff, or whether the code allows a defendant under any circumstances to be harassed by more than one suit by an heir. In the case at bar it appears from the complaint that at the time when the widow commenced her action, and recovered judgment, she was the *only heir* of the deceased; and that being so, her judgment was clearly a bar to another action. There was no other heir entitled to bring the action, or be joined with her as plaintiff, and she herself had all the right given by the code to "heirs." The defendant in that action could do nothing more than defend on the merits.

It is not necessary, therefore, to follow counsel in their discussion of the question whether a posthumous child can under any circumstances recover for the death of its father, occurring before its birth, and when it was only a part of her mother and not a human being or person.

The judgment is affirmed.

Henshaw, J., and Temple, J., concurred.