[Civ. No. 6801. Second Appellate District, Division One.—August 29, 1931.]

K. NISHI, Respondent, v. FRED INOGUCHI et al., Appellants.

James R. Jaffray and LeRoy Reames for Appellants.

J. Marion Wright for Respondent.

HOUSER, J.—This action was brought by plaintiff to recover the sum of $3,000 alleged to have been had and received by defendants for the use and benefit of plaintiff. Motion for nonsuit was granted as to defendant Nakamura. At the time of trial, by a pleading called a "supplementary answer", Inoguchi not only admitted that he was indebted to plaintiff in the sum for which the action was brought, but as well consented that judgment be so entered against him. A like judgment was also rendered in favor of plaintiff and against defendant Reames. The evidence showed that Inoguchi received the sum of $3,000 from the plaintiff, to be used as bail for a Japanese named Fukasaka, but that instead of depositing the cash bail, Inoguchi procured a bond from a bond company for such purpose and thereafter ap-

propriated to his own use the money entrusted to him by plaintiff.

As tending to establish the liability of defendant Reames, plaintiff introduced in evidence a certain letter purportedly signed by Reames, but regarding which Reames testified that although he dictated the letter he never signed the same, nor authorized his signature to be attached thereto, but, to the contrary, that the letter "was signed and mailed by his secretary in ordinary course of business, but without his (Reames') knowledge or consent". A copy of such letter is as follows:

"For your information and for your files please be informed that we have received the $3,000.00 bond posted *in re* Fukasaka. Said amount we have applied to your indebtedness to this firm leaving a balance due of $1,200.00 as per our agreement. We now have several important matters pending for you and please be advised that June 1st, it will be necessary for you to make new arrangements for the forecoming year.

"Thanking you for your patronage in the past, we remain."

Other than testimony (hereinafter referred to) given by a so-called impeaching witness, which related to certain alleged conversations had between him and defendant Inoguchi without the presence of defendant Reames, no further evidence was introduced by plaintiff relative to the liability of defendant Reames. However, both Inoguchi and Reames testified that the latter "did not receive any of the money in question from Inoguchi or at all."

Appellants urge that as to defendant Reames prejudicial error was committed by the trial court in admitting in evidence, over the objection of defendants, those certain conversations which were shown to have occurred, not in the presence of defendant Reames, but only between defendant Inoguchi and a witness named Fujii. The testimony given by the so-called impeaching witness was in narrative form and included the following:

"Mr. Inoguchi told me that he got $3,000.00 from Mr. Nishi and he said that this money was given to him to put up as security for a bond for $3,000.00 for the release of his brother-in-law. The bond was exonerated and the money was refunded to his lawyer, Mr. Reames. He said, 'He

keeps that money and he refuses to return that money to me. I can't pay the money back to Mr. Nishi.' He said that he had consulted some Japanese lawyer, I think he named the name of Attorney Iwamaja and Mr. Iwamaja told him in his opinion he wouldn't be able to recover this money from Mr. Reames because there was no evidence to show that the money had ever been paid to Mr. Reames, and he said 'Therefore I am very sorry that I can't get this money back for Mr. Nishi. I am willing to make a note and pay it to him some day.' '' The witness also testified to other conversations to the same effect which took place between him and Inoguchi without the presence of defendant Reames.

Such conversations were admitted in evidence, not on the theory that they constituted admissions against interest as far as Inoguchi was concerned, but solely on the claim by plaintiff that they were in the nature of impeachment of testimony given by Inoguchi, who by his pleading already had admitted his liability and consented that judgment be rendered against him, but who, under the provisions of section 2055 of the Code of Civil Procedure, was called as a witness for plaintiff. ▮ From the record, although it appears that the testimony included in such alleged conversations was contradictory to that given by Inoguchi, for the reason that no proper statutory foundation was laid for the testimony given by the witness Fujii, it is manifest that in no proper sense did the evidence thus adduced constitute an impeachment of the testimony given by Inoguchi by a showing that at other times he had made "statements inconsistent with his present testimony". (Sec. 2052, Code Civ. Proc.) But even if such testimony had been properly admitted in evidence for the purpose of impeaching the testimony of Inoguchi, it is clear that evidence to the effect that at some definite time and place Inoguchi made statements which were inconsistent with the testimony given by him on the trial of the action, merely reflected upon *his* credibility; and neither established, nor tended to establish, the truth regarding the matter concerning which Inoguchi made such alleged statements. Nor from any standpoint developed by the evidence adduced on the trial of the action was the testimony given by the so-called impeaching witness competent or admissible as against defendant Reames. He

was a defendant in the case wholly independent from Inoguchi. Assuming (without conceding) that considering the fact that Inoguchi had already consented that judgment be rendered against him, any admission against interest made by Inoguchi might have been introduced in evidence as against him individually, it is universally attested by authorities that in circumstances like those here present such admissions necessarily would affect the case of Inoguchi only and could not be considered in evidence as in anywise tending to establish the liability of defendant Reames. (*Bituminized B. & T. Co.* v. *Simons Brick Co.,* 183 Cal. 687 [192 Pac. 528]; *Ambrose* v. *Hyde,* 145 Cal. 555 [79 Pac. 64]; *Bell* v. *Staacke,* 141 Cal. 186 [74 Pac. 774]; *Dean* v. *Ross,* 105 Cal. 227 [38 Pac. 912].)

In view of the fact that the properly admitted evidence in support of plaintiff's action against defendant Reames was very slight, it becomes apparent that the improperly admitted evidence against him probably had the effect of inducing the judge who presided at the trial to render the judgment which is the subject of this appeal. In the case of *Smith* v. *Westerfield,* 88 Cal. 374, 383 [28 Pac. 206, 208] (where, however, a different situation was involved), it was said:

"This is not a case where an incidental and collateral fact which may not be seriously contested has been shown by incompetent evidence, but the testimony of the witness bore directly upon the main point in issue. In such a case, all the evidence upon that point becomes material, and the introduction of any incompetent testimony is presumed to cause an injury to the opposite party. We cannot determine the weight which the court below gave to the testimony of this witness in reaching its conclusion upon this controverted point."

Likewise, in the case of *Estate of James,* 124 Cal. 653, 655 [57 Pac. 578, 1008], it is said:

"If improper evidence under objection has been admitted, it is impossible for this court to say how much weight and influence it had in the mind of the trial court in framing its findings of fact. The improperly admitted evidence may have been all-powerful to that effect. As far as this court knows it may have been that particular evidence which turned the scale and lost the case to the

appellants. This must of necessity be the rule wherever improper evidence has been admitted which upon its face tends in any degree to affect the final conclusion of the court."

As far as concerns defendant Reames, it becomes unnecessary to consider other questions presented by him on this appeal. ■ Defendant Inoguchi, having by his pleading admitted his liability to plaintiff for the amount for which the action was brought, and at the same time having consented that judgment might be entered against him for the amount prayed for in the complaint, is not entitled on appeal to question the validity of the judgment because of any alleged errors committed by the trial court either in the admission or the rejection of evidence.

It is ordered that as to defendant Inoguchi the judgment be and it is affirmed; but as to defendant Reames, the judgment be and it is reversed.

Conrey, P. J., and York, J., concurred.