LLOYD E. WILSON AND ELSIE M. WILSON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 96577. Promulgated February 21, 1940.

*Granville S. Borden, Esq.,* for the petitioners.
*T. M. Mather, Esq.,* for the respondent.

OPINION.

VAN FOSSAN: Respondent determined a deficiency of $6.18 for the year 1936, consequent on his disallowance in part of a credit for a dependent. The facts are: Petitioners are husband and wife, residing at San Francisco, California. On August 11, 1936, a daughter, Helen Wilson, was born. In their joint return petitioners claimed a credit for a dependent in the amount of $400. Respondent allowed the sum of $166.67, being the prorated amount from the date of birth to the end of the year.

Petitioners contend that during the period prior to birth, from January 1 to August 11, 1936, the unborn child was a person, dependent on and receiving her chief support from petitioners, within the intendment of the statute. Respondent held, and here contends, that the period for computing such credit dates from the birth of the child; that an unborn child is not a person within the meaning of that term as used in the revenue act.

We sustain the respondent. The word "person" as used in section 25 (b) (2) is to be taken in its normal, everyday sense of a living human being, a man, woman, or child, an individual. In *Daubert* v. *Western Meat Co.,* 139 Cal. 480; 69 Pac. 297, the court stated: "It is not necessary, therefore, to follow counsel in their discussion of the question whether a posthumous child can, under any circumstances, recover for the death of its father occurring before its birth, and

when it was only a part of her mother, and not a human being or person."

The interpretation which petitioners suggest is so obviously strained as to merit little discussion. Doubtless in this fact is to be found the reason why this question has never heretofore been presented to the Board. It may also account for the paucity of authority in petitioners' brief.

Nor is the fact that, by common law and generally by statute, a child *en ventre sa mere* is deemed to be *in esse* for the purpose of inheritance for its own benefit persuasive here. The credit here claimed is not for the benefit of the child but of the parents.

*Decision will be entered for the respondent.*