[Civ. No. 11769. First Dist., Div. One. Mar. 25, 1942.]

OLIN DAVIS, a Minor, etc., Respondent, v. ALFRED ROBINSON, Appellant.

Elliott Johnson and D. W. Brobst for Appellant.

Hubbard & Hubbard for Respondent.

JONES (B. C.), J. pro tem.—This action is by a minor suing through a guardian ad litem to recover damages as an heir under section 377 of the Code of Civil Procedure for the negligent death of his mother. The complaint alleges that the mother, Nilan Burns, was struck and killed by an automobile, driven by the defendant, while she was crossing East 14th Street in Oakland in a pedestrian lane.

Prior to the bringing of this suit one Ida B. Turner, the grandmother of the plaintiff, also sued the defendant for damages under section 377 for the death of Nilan Burns, claiming to be her heir, and recovered a judgment for $2,500. This judgment was paid by the defendant and satisfaction thereof duly entered. The grandmother did not divulge that her daughter was the mother of a child, although at the time he was in her care and being kept by her. She was not joined as a defendant, or otherwise made a party to this action. The child was awarded a judgment by the court in the sum of $4,000, and it is from this judgment in favor of the child that the defendant appeals.

██ The appellant makes the point that the judgment recovered by the grandmother is a bar to a recovery by the plaintiff, and in support of his position he cites the case of *Daubert* v. *Western Meat Co.*, 139 Cal. 480 [69 Pac. 297, 73 Pac. 244, 96 Am. St. Ref. 154], and other cases. In each of these cases the question raised was as to the right of an heir to maintain the action, or the effect of an action brought by one heir out of several. In none of them was there presented the precise question here involved. Ida Turner, the grandmother, not being an heir, was not entitled under the provisions of section 377 to recover a judgment against the defendant. The fact that she did so did not jeopardize the rights of the minor child as an heir of the decedent. ██ If the defendant had been negligent, an obligation arose in the child's favor against the defendant immediately upon the mother's death to recompense him for any damages sustained. An obligation so created is the cause of action, and upon that obligation the action is founded. (*Frost* v. *Witter*, 132 Cal. 421 [64 Pac. 705, 84 Am. St. Rep. 53]; *Bradford* v. *Southern R. Co.*, 195 U. S. 243 [25 S. Ct. 55, 49 L. Ed. 178]; *Milwaukee L., H. & T. Co.* v. *Ela Co.*, 142 Wis. 424 [125 N. W. 903, 20 Ann. Cas. 707, 27 L. R. A. (N.S.) 567].) ██ When such a cause of action arises, it can only be defeated by a release, payment, or the receipt of something in satisfaction. The failure of the defendant to defend against the false claim of any one who was not an heir does not operate to estop another with a rightful claim to prosecute his cause of action.

██ In the action brought by the child's grandmother, and in which she recovered, counsel for the defendant stipulated liability and responsibility for the happening of the accident. The stipulation so made is as follows: ''MR. JOHNSON: Your Honor, I might simplify matters a little bit by saying that Mr. Robinson, who is seated here, confesses liability and responsibility for the happening of the accident in which the deceased was killed. The only question to be litigated is that of damages. I think the evidence will be confined to that feature of the case.''

The appellant contends that the admission of this stipulation, made in another and different case, in evidence in this case constitutes reversible error. It was early held in this state to be the rule that admissions of fact made by counsel in one case can have no binding effect in another and different action. (*Wilkins* v. *Stidger*, 22 Cal. 231 [81 Am. Dec. 64].) As is said in *Board of Commissioners* v. *Sutliff*, 97 Fed. 270, 282 [38

C. C. A. 167], "A stipulation made by an attorney in one action will not bind his client in another, unless the latter expressly acquiesces in it in the second suit. Much less will it estop his assignee. (*Nichols, Shepard & Co.* v. *Jones,* 32 Mo. App. 657, 664; *Wilkins* v. *Stidger,* 22 Cal. 232, 239; *Weisbrod* v. [*Chicago etc.*] *Railway,* 20. Wis. [419] 441, 443.) The reason for this rule is obvious. An attorney employed to conduct and try a single action has no power to bind his client or the assignee of his client in subsequent suits upon other causes of action, respecting which he has neither retainer, employment, nor authority." To the same effect is *Berry* v. *Littlefield, Alvord Co.,* 296 Fed. 285, 287 [54 App. D. C. 195]. The authority of an attorney to bind his client in any proceeding is found in section 283 of the Code of Civil Procedure. It is there provided: "An attorney and counselor shall have authority: 1. To bind his client in any of the steps of an action or proceeding by his agreement filed with the clerk, or entered upon the minutes of the court, and not otherwise."

■ It is manifest that the stipulation made by counsel with reference to the alleged cause of action of the grandmother, Ida Turner, against the defendant, was not entered in the minutes of the court in the action of this plaintiff against the defendant. Unless so entered it can have no binding effect. (*Fresno City High School District* v. *Dillon,* 34 Cal. App. (2d) 636 [94 Pac. (2d) 86].) ■ The admission of the stipulation in evidence in this case was clearly erroneous but the point is made that it was not prejudicially so.

The only evidence as to what occurred at the scene of the accident is contained in an oral statement made by the defendant to a police officer on the day following. This statement as testified to by the officer is as follows:

"'I was driving west on East 14th Street about 25 to 30 miles an hour. There was no top on my car. The weather was clear. The streets were dry, and my brakes were good. I was driving between the north curb and the tracks.' And later he corrected this particular statement by, 'I was driving between the north curb and the tracks' and qualified it by saying, 'I am not certain of it.' Then he said, 'I never saw the woman before I struck her. I heard her scream about the center of the intersection of Fourth Avenue and East 14th Street. I didn't know where the scream came from. I stopped immediately, then continued on with the car about 100 feet

west of Fourth Avenue, parked my car, as there was several parked at the curbing. I stopped as soon as I heard the scream and put my car in second gear to pull out of the street to the curb. I told her to remain in the car and I went back to the safety zone on the southwest corner of Fourth Avenue and East 14th Street. Saw the woman lying in the rails of the eastbound street car tracks. I called for some one to get an ambulance. Then I went back to my car and asked the young lady to park it on Third Avenue around the corner facing East 14th Street. Then went back to the scene, and the ambulance arrived. Saw the ambulance pick up the woman and drive away.' "

It is this oral statement taken with the stipulation in the Turner case that comprises the evidence of the defendant's negligence. There is no corroboration of the statement other than the stipulation. In passing upon the effect of oral admissions as evidence, the Supreme Court in *Herbert* v. *Lankershim,* 9 Cal. (2d) 409, 430 [71 Pac. (2d) 220], said: "On the subject of oral admissions, unless corroborated by *satisfactory* evidence, this court, in the *Estate of Emerson,* 175 Cal. 724, 728, 729 [167 Pac. 149], rates it as the weakest of testimony that can be produced." Again in *Smellie* v. *Southern Pacific Co.,* 212 Cal. 540, 560 [299 Pac. 529], it is said: "Evidence of the declarations or oral admissions of a party are always received with caution. (Code Civ. Proc., sec. 2061, sub. 4.) The reason for this rule is that, 'In most cases it is impossible, however honest the witness may be, for him to give the exact words in which the declaration or admission was made. Sometimes even the transposition of the words of a party may give a meaning entirely different from that which was intended to be conveyed. The slightest mistake or failure of recollection may totally alter the effect of the declaration or admission.' (10 Cal. Jur., p. 1081; *Davis* v. *Davis,* 26 Cal. 23, 44 [85 Am. Dec. 157].)' "

There is very little evidentiary value to be attached to the declaration which we have here when it is taken alone. In *Larson* v. *Larsen,* 72 Cal. App. 169 [236 Pac. 979], where the evidence was weak and largely circumstantial, it was held that evidence of other acts than that charged, erroneously admitted, was prejudicial. And in *Anderson* v. *Hagen,* 19 Cal. App. (2d) 714 [66 Pac. (2d) 168], that hearsay testimony was prejudicial, the other evidence in the case being in sharp con-

flict on a vital issue. The court there deemed the erroneously admitted testimony sufficient to turn the case in view of the sharp conflict in the other evidence. The character of the oral statement here presented leaves the weight of the proof of liability resting upon the erroneously admitted stipulation. In such a case the trial court could not but have taken into consideration in some degree the confession of negligence and responsibility for the death of the decedent in making its findings. As is said in *Nishi* v. *Inoguchi,* 116 Cal. App. 398 [2 Pac. (2d) 864], quoting from *Estate of James,* 124 Cal. 653, 655 [57 Pac. 578, 1008]: '' 'If improper evidence under objection has been admitted, it is impossible for this court to say how much weight and influence it had in the mind of the trial court in framing its findings of fact. The improperly admitted evidence may have been all-powerful to that effect. As far as this court knows it may have been that particular evidence which turned the scale and lost the case to the appellants. This must of necessity be the rule wherever improper evidence has been admitted which upon its face tends in any degree to affect the final conclusion of the court.' ''

In view of the inherent weakness in the oral statement, the error in admitting the stipulation of liability made in a different case cannot be said to be without prejudice.

The judgment appealed from is reversed, and the cause remanded for a new trial.

Peters, P. J., and Knight, J., concurred.