instigation of the defendant that he executed the bond and swore to these affidavits and to his justification; that Sterckx was clearly guilty of perjury; and that this defendant was the procuring cause of Sterckx's having committed perjury.

The appellant also claims that there was error committed by the learned recorder in his charge to the jury. There was no exception to the charge, and an examination of it discloses no error that would require a reversal. A careful examination of the whole case satisfies us that the defendant was clearly guilty; that he deliberately created a situation by which Sterckx was apparently qualified to act as a surety, when in fact he owned no property and was •not qualified; that this was done for the purpose of having him swear that he was the owner of this real property of which he was not the owner; and that it was at the instigation and procurement of the defendant that Sterckx became a surety and swore to this false deposition.

It follows that the defendant was properly convicted, and that the judgment appealed from must be affirmed. All concur.

<hr>

(108 App. Div. 249.)

### AUSTIN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. November 10, 1905.)

**1. DESCENT AND DISTRIBUTION—MARRIED WOMEN—UNBEQUEATHED PERSONAL PROPERTY.**

    - Under the statutes relating to the distribution of unbequeathed personal property, on the death of a married woman intestate, possessed of separate personal estate, leaving no descendants, the title to such personal property vests in her surviving husband.

**2. DEATH—DAMAGES—MEASURE.**

    Code Civ. Proc. § 1903, provides that damages recovered in an action for wrongful death are exclusively for the benefit of the decedent's husband or wife and next of kin, to be distributed as unbequeathed assets; section 1904 declares that the damages may be such as the jury deems just compensation for the pecuniary injuries resulting from the decedent's death to the person for whose benefit the action was brought; and sections 1905 and 1870 define "next of kin" to include all persons entitled under the statutes of distribution of personal property to share in unbequeathed assets of the decedent other than a surviving husband or wife. *Held,* that in an action for wrongful death of a married woman living apart from her husband. leaving no descendants, the damages recoverable were only such as resulted from the pecuniary injury caused by her death to her husband.

    [Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Death, § 111.]

**3. SAME—EVIDENCE—PROBABILITY OF LIFE—AVERAGE EARNINGS.**

    In an action for the benefit of a husband for the wrongful death of his wife, who had been living apart from him for several years and conducting an independent business, evidence of her weekly earnings for six months prior to her death and of the probability of life of a woman of her age in similar health was admissible.

    [Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Death, §§ 84, 88, 108.]

**4. SAME—NOMINAL DAMAGES.**

    In an action for the benefit of a husband for the wrongful death of his wife, who had been living apart from him for several years and suc-

cessfully conducting an independent business of her own, it was error to limit plaintiff's recovery to nominal damages, where there was some evidence of pecuniary injury offered, showing decedent's earning capacity, expectancy of life, etc.

Appeal from Trial Term, New York County.

Action by George A. Austin, as administrator of the goods, chattels, and credits of Emma May Flynn, deceased, against the Metropolitan Street Railway Company. From a judgment awarding plaintiff nominal damages and denying his motion for a new trial, he appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, CLARKE, and INGRAHAM, JJ.

Reuben Leslie Maynard, for appellant.
Bayard H. Ames, for respondent.

CLARKE, J. This is an administrator's action to recover damages for the death of plaintiff's intestate, who was killed through the alleged negligence of the defendant's servants. The plaintiff was the father of the intestate. Mrs. Flynn, the intestate, was 26 years of age at the time of the accident and in good health. She was conducting a manicure business on her own account, and had been for 2½ years next preceding her death, was proficient in business, regular in her attendance, and punctual in her business habits. She was a well-built woman of medium height. Her habits were good. She was married at the age of 18. She had not lived with her husband since 1895. Thereafter and until her death she resided with her parents. The negligence of the defendant and the absence of contributory negligence on the part of the intestate are conceded upon this appeal. At the close of the plaintiff's case, the defendant consented to the direction of a verdict for the amount of the funeral expenses and to $100 as nominal damages. Plaintiff asked to go to the jury on the question of damages, and excepted to the denial of his motion. The court directed a verdict for $119.50, the funeral expenses, and $100 nominal damages, being in all $219.50. Plaintiff duly excepted to the direction, and to the denial of his motion to set aside the verdict and for a new trial.

The decedent left, her surviving, no descendant, but a husband and a father and mother. Section 1903 of the Code of Civil Procedure provides that the damages recovered in such an action as the one at bar "are exclusively for the benefit of the decedent's husband or wife and next of kin; and, when they are collected, they must be distributed * * * as if they were unbequeathed assets." Section 1905 provides that "the term 'next of kin' as used in the foregoing sections has the meaning specified in section 1870 of this act." Section 1870 provides that "the term 'next of kin' as used in this title includes all those entitled, under the provisions of law relating to the distribution of personal property, to share in the unbequeathed assets of a decedent * * * other than a surviving husband or wife." Under the provisions relating to the distribution of unbequeathed personal property, as interpreted by the courts, when a married woman possessed of a separate personal estate dies without

descendants and without having made any disposition of it during her lifetime or by way of testamentary appointment, the title thereto vests in the surviving husband. Miller v. Manjer, 82 App. Div. 419, 81 N. Y. Supp. 575; Robins v. McClure, 100 N. Y. 328, 3 N. E. 663, 53 Am. Rep. 184; Matter of Bolton, 159 N. Y., at page 133, 53 N. E., at page 756. Therefore, as section 1904 of the Code of Civil Procedure provides that the damages "* * * may be such a sum as the jury * * * deems to be a fair and just compensation for the pecuniary injuries resulting from the decedent's death to the person or persons for whose benefit the action is brought," the question in the case at bar is limited to the consideration of the pecuniary injuries resulting from the decedent's death to her husband, from whom she had been living apart for some years at the time of her death.

It may be conceded that, in the absence of all proof of earning capacity or of any probability of the decedent's life being of pecuniary value, the jury are not required as a matter of law to award substantial damages. The plaintiff attempted to make such proof. He offered to show what the average earnings of the decedent had been for every week for six months prior to her death, and excepted to the exclusion of the evidence. He put an actuary on the stand and asked, "Will you give me the probability of the life of a woman 26 years of age in good health?" This was excluded by the court, upon the ground that it was improper to leave to the jury to compute damages from probable life of the deceased, and that it was immaterial, to which ruling plaintiff duly excepted. These two rulings were erroneous. They excluded two of the elements which have always been considered as proper upon the question of the pecuniary value of a human life. In Sauter v. N. Y. C., etc., R. Co., 66 N. Y. 53, 23 Am. Rep. 18, the court said:

"The Northampton Tables were properly received. Schell v. Plumb, 55 N. Y. 592. The probable duration of the deceased's life was an element in estimating damages, and, being so, it was proper to give this evidence upon the question."

In Beecher v. Long Island R. Co., 53 App. Div., at page 326, 65 N. Y. Supp., at page 643, it was held that the instruction that the widow was entitled to compensation for the earning capacity of her husband, who was killed, and that what he did earn was evidence tending to show what his earning capacity was, although it was not complete and conclusive evidence on that point, was correct. The amount of the salary or earnings of a decedent and the probable duration of his life are competent evidence to enable the jury to estimate the probable loss caused to the widow or next of kin by decedent's death. Hinsdale v. N. Y., N. H. & H. R. Co., 81 App. Div. 617, 81 N. Y. Supp. 356.

But in this case the question arises whether, if the proof of the expectancy of life and of the earning capacity of the decedent had been admitted, the direction of a verdict for nominal damages would have been proper. We do not think it would. The statute prescribes:

"The damages awarded to the plaintiff may be such a sum as the jury * * * deems to be a fair and just compensation for the pecuniary injuries resulting from the decedent's death to the person or persons for whose benefit the action is brought."

The jury are the judges of the damages, their verdict being subject to the supervisory power of the court, and, unless there was no evidence of "pecuniary injuries," it would be error to direct a verdict for a nominal amount. The decedent was engaged in a separate business. She died intestate. Her personal estate vested on her death in her husband by virtue of his marital right, irrespective of the fact that they were living separate and apart. That she might have made a considerable amount of money during her life, her earning capacity and expectancy of life having been proven, and might have died a natural death still intestate, seem to be no more uncertain contingencies than that infants of tender years may grow up, give their wages to their parents during their minorities, and support them in an impoverished old age.

In Birkett v. Knickerbocker Ice Co., 110 N. Y. 504, 17 N. E. 108, the decedent was the daughter of the plaintiff, 4½ years old. Judge Earl, delivering the unanimous opinion of the court, said:

"The trial judge did not err in refusing to rule upon the request of defendant's counsel that the plaintiff was entitled to nominal damages only. The rule of damages in such cases is a difficult one to apply. The 'pecuniary injuries,' for which recovery only can be had, are always difficult of precise proof, uncertain, and problematical, and what should be a proper compensation for them must always, upon such proof as can be made, be left to the judgment of the jury. * * * In estimating the pecuniary value of this child to her next of kin, the jury could take into consideration all the probable, or even possible, benefits which might result to them from her life, modified, as in their estimation they should be, by all the chances of failure and misfortune. There is no rule but their own good sense for their guidance, and they were not bound in this case to assume that no pecuniary benefits would come to the next of kin after her majority."

In Johnson v. Long Island R. Co., 80 Hun, 306, 30 N. Y. Supp. 318 (affirmed without opinion 144 N. Y. 719, 39 N. E. 857, but with 10 per cent. damages), Mr. Justice Cullen said:

"The prospect of the deceased accumulating property and the next of kin inheriting from him is not more speculative than the expectation of his acquiring money and the next of kin sharing in his bounty or beneficence while he should live."

Meyer v. Hart, 23 App. Div. 131, 48 N. Y. Supp. 904, was where a husband sued for damages for the death of his wife, who was conducting a separate business, and the court said:

"As the deceased had no descendants or next of kin, the husband would have been entitled to the entire personal estate, * * * and evidence of the amount of work, earnings, and probable profits of the deceased was competent, and its exclusion constituted reversible error."

The rule deducible from many cases seems to be that, under the statute and the authorities, the amount of the damages is for the jury, subject to the supervision of the court; that when direct damages can be proved, as funeral expenses and doctors' bills, they must be shown; that as to resulting damage each case must depend upon the circumstance of age, sex, employment, condition, intelligence, earning capacity, expectancy of life, summed up in the

question, "What was the reasonable expectation of pecuniary benefit to the next of kin, by inheritance or otherwise, from the continuance in life of the deceased worth in money?" Matter of Meekin v. B. H. R. Co., 164 N. Y., at page 152, 58 N. E., at page 52, 51 L. R. A. 235, 79 Am. St. Rep. 635; Countryman v. Fonda, J. & G. R. Co., 166 N. Y., at page 209, 59 N. E., at page 824, 82 Am. St. Rep. 640.

For the errors pointed out, the judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur; PATTERSON, J., in result.