## THE O'BRIEN BROTHERS.

### Petition of O'BRIEN BROS., Inc.

#### (District Court, E. D. New York. October 19, 1918.)

1. DEATH ⟨key⟩85—DAMAGES—PECUNIARY LOSS.
    Code Civ. Proc. N. Y. § 1904, providing for recovery of damages for pecuniary injury from death, does not limit the damages to a loss of revenue, but provides for damages for such loss as can be reduced to a pecuniary basis, which is peculiarly the province of the jury.

2. DEATH ⟨key⟩95(2)—HUSBAND AND WIFE ⟨key⟩209(3)—INJURY OR DEATH OF WIFE—HUSBAND'S RECOVERY.
    A husband's recovery for injury to or death of his wife is not limited to the amount the wife would be prevented from earning, but must be estimated from the standpoint of the deprivation which the husband suffers, as estimated in cash.

3. ACTION ⟨key⟩53(2)—INJURIES TO WIFE—ACTION BY HUSBAND AND WIFE.
    A husband's suit for loss of services of his wife through physical injury may be maintained at the same time with that of the wife for injury sustained by her.

4. ADMIRALTY ⟨key⟩118—APPEAL—REVIEW—DAMAGES.
    A verdict of the jury, assessing damages for the death of a married woman, should not be disturbed, when there is any evidence on which

---

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

it can be supported; and the same rule should be applied when the damages are assessed by a commissioner in a shipowner's proceeding to limit liability.

In Admiralty. In the matter of the libel and petition of O'Brien Bros., Incorporated, owners of the steamtug O'Brien Brothers, for limitation of liability. On exceptions to awards for damages caused by the death of two married women. Report of commissioner confirmed.

See, also, 252 Fed. 185.

Foley & Martin, of New York City, for petitioner.

Uterhart & Graham and Charles A. Ludlow, all of New York City, for claimants.

CHATFIELD, District Judge. Exception has been taken to awards of $5,000 and $6,000, respectively, for damages caused by the death of two women who lost their lives in the accident out of which this limitation of liability proceeding has grown. The claim in each case was made by the husband as administrator.

This form of action is established by the provisions of the New York Code of Civil Procedure, giving to the administrator the entire cause of action, and including therein the damages suffered by the husband, where he survives.

The claimants by exceptions seek to present the rule set forth in Mitchell v. N. Y. Central & H. R. R. Co., 2 Hun (N. Y.) 535, affirmed on the ground of contributory negligence in 64 N. Y. 655, and in Austin v. Metropolitan Street Railway Co., 108 App. Div. 249, 95 N. Y. Supp. 740, in each of which cases the court held that, in the absence of all proof of earning capacity or pecuniary value, lost through the death of the deceased, a jury was not empowered to award more than nominal damages.

It may be assumed that where there is no proof of any sort, there would be nothing upon which to base an award. But it is difficult to think of a case which could get to a jury, without some evidence from which the jury could determine whether or not the death was a loss which could be estimated in pecuniary terms.

[1] The New York statutes provide for damages for the pecuniary injury. This does not mean simply loss of revenue; it means, on the contrary, loss reduced to a pecuniary basis, and this is particularly the province of the jury. Section 1904, Code of Civil Proc. N. Y.

[2-4] When a husband sues for loss of services of a wife, through physical injury, the action may be maintained at the same time with that of the wife for injury sustained by her. Both suits would be left to the jury to determine the pecuniary damage suffered. But this does not limit the loss of the husband to the amount which the wife is prevented from earning. In most instances the wife has been earning nothing, except as she assisted the husband, and the measure of damage in that sense is frequently represented by the cost of hiring some one to take her place. In the case of death, the husband's damage cannot be measured by the loss of his wife's earning capacity, but

must be estimated from the standpoint of the deprivation which he suffers, as estimated or valued in cash. If the jury fix this value, then the damage suffered is a pecuniary damage. In other words, the statute gives the right to recover the actual monetary damage which the jury finds represents in their opinion the pecuniary value of the injury. If there is any evidence on which this can be based, it is within the jury's province to fix the amount and the verdict should not be disturbed. When this amount is fixed by a commissioner, the result is the same.

The present case shows ample evidence to support the finding that the lives of these two wives were of value, and that their loss resulted in actual damage, which has been estimated in pecuniary terms in the amounts stated.

The report of the commissioner will be confirmed.