[Sac. No. 3104. In Bank.—April 1, 1921.]

In the Matter of the Estate of EGISTO RICCOMI, Deceased. ARTOMIRA BARTOLOZZI, as Administratrix, etc., Appellant, v. MARIA MALLEGNI, as Administratrix, etc., Respondent.

[1] ACTION FOR DEATH—WRONGFUL ACT OR NEGLECT—ACTION BY PERSONAL REPRESENTATIVE — WHO ENTITLED TO AMOUNT RECOVERED—SECTION 377, CODE OF CIVIL PROCEDURE.—The action authorized by section 377 of the Code of Civil Procedure for damages for the death of a person caused by the wrongful act or neglect of another is one solely for the benefit of the heirs by which they may be compensated for the pecuniary loss suffered by them by reason of the loss of their relative, and the money recovered constitutes no part of the estate of the deceased; and where the action is brought or the money recovered by the personal representative of the deceased, such personal representative is acting solely as a statutory trustee for the benefit of the heirs on account of whom the recovery is had.

[2] ID.—ONE ACTION—BASIS OF RECOVERY.—While there can be but one action brought or one recovery had, under section 377 of the Code of Civil Procedure, either by the personal representative of the deceased or the heirs, and while the recovery in such an action should be of a "lump sum" for all, the total recovery to be had is the aggregate of the pecuniary loss of each of the heirs who has suffered a pecuniary loss by reason of the death of the deceased, and there can be no substantial recovery on account of any heir who has not suffered substantial pecuniary injury.

[3] ID.—DISTRIBUTION AMONG HEIRS.—The distribution among "heirs" of damages recovered by the statutory trustee under section 377 of the Code of Civil Procedure must be upon the basis of the pecuniary loss of each, rather than upon his rights under the succession statutes with regard to property constituting the estate left by the decedent.

[4] ID.—DEFINITION OF "HEIRS."—The word "heirs" means all those who are capable of inheriting from a deceased person under the statutes of succession.

[5] ID.—FUND RECOVERED FOR DEATH—PROCEEDING FOR DISTRIBUTION—JURISDICTION.—A proceeding instituted by the mother of a deceased person against his surviving wife to obtain one-half of money paid in full settlement of any claims of the heirs of the deceased on account of his death caused by the wrongful act or neglect of another, the funds not constituting any part of the estate of the deceased, is not a proceeding within the probate jurisdiction of the superior court, but as it is in substance one on

behalf of an heir against a trustee for an accounting and recovery of moneys as to which a beneficial interest on the part of such heir is alleged, the subject matter is one of which the superior court has full jurisdiction, and by virtue of the appearance of the parties the court has jurisdiction of them, and its order or judgment is an effective adjudication between the parties.

APPEAL from a judgment of the Superior Court of Yolo County. W. A. Anderson, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. W. Zagoren and Markham Johnson for Appellant.

Thomas H. Christiansen for Respondent.

ANGELLOTTI, C. J.—This is a proceeding instituted by Costanza Riccomi, mother of Egisto Riccomi, deceased, against the surviving wife of said Egisto Riccomi, deceased, both as administratrix of his estate and individually, to obtain one-half of three thousand dollars paid to the latter as such administratrix by the Pacific Gas and Electric Company in full settlement of any claims the "heirs" of Egisto Riccomi might have against said company on account of his death, which death it was claimed was caused by "the wrongful act or neglect" of said company. Admittedly the money came into the hands of the administratrix as the personal representative of the deceased, Egisto Riccomi, and as money recovered by such personal representative under the provisions of section 377 of the Code of Civil Procedure. Pending determination of the matter in the superior court, the mother died, and the administratrix of her estate was substituted as petitioner. The superior court concluded that fifteen-sixteenths of the money so received should go to defendant, as the surviving wife of Egisto Riccomi, and one-sixteenth to the mother's estate, and made its order or judgment accordingly. The petitioner appeals from this order, claiming that the mother was entitled to one-half.

The material facts, in addition to those we have already stated, are as follows: At the time of his death the deceased, Egisto Riccomi, was forty-five years of age. Maria Riccomi, aged twenty-six, was then and for many years immediately preceding had been, his wife, living with him as such, and entirely dependent on him for her support and maintenance.

The mother, Costanza Riccomi, was a resident of the kingdom of Italy, of the age of seventy-five years. She was not dependent on deceased for care, support, or maintenance, but for a few years prior to his death deceased had voluntarily sent her thirty dollars per year. The wife and mother were the only heirs left by deceased.

The claim of appellant is that, in view of the language of section 377 of the Code of Civil Procedure, any amount recovered thereunder as damages for the death of a deceased person must be divided among those who constitute his lawful heirs under our statutes of succession, in the proportions provided by those statutes—in other words, that it must go exactly as his own property would pass under our succession statutes. The wife and mother being the only heirs of deceased, and each being entitled to succeed under our succession statutes to one-half of his property, it is claimed that this money should have been distributed in the same proportions, one-half to each. It is not claimed that the apportionment in fact made was erroneous if the statute authorizes an apportionment upon any other basis than that of dividing the money among those constituting the heirs of the deceased in the same proportions as it would be divided if it constituted part of the estate of the deceased.

Section 377 of the Code of Civil Procedure is as follows: "When the death of a person not being a minor is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death, or if such person be employed by another person who is responsible for his conduct, then also against such other person. In every action under this and the preceding section, such damages may be given as under all the circumstances of the case, may be just." A review of the decisions in this state under this statutory provision makes it clear that the claim of appellant is based upon a complete misconception of the settled construction of the statute and its purpose and object.

[1] It is settled that the action authorized by the section is one *solely* for the benefit of the heirs by which they *may be compensated for the pecuniary loss suffered by them* by reason of the loss of their relatives. The money recovered constitutes no part of the estate of deceased, and where the action is brought or the money recovered by the personal

representative of the deceased, such personal representative is acting solely as a statutory trustee for the benefit of the heirs on account of whom the recovery is had. (See *Ruez* v. *Santa Barbara etc. Co.*, 164 Cal. 188, 191, [128 Pac. 331]; *Webster* v. *Norwegian M. Co.*, 137 Cal. 399, [92 Am. St. Rep. 181, 70 Pac. 276].) In this case the important thing to bear in mind is that the action "for damages" for the benefit of the "heirs" is one solely for the *purpose of compensating them for the pecuniary loss suffered by them* by reason of the death of the deceased. An examination of the decisions involving questions of the elements of damage to be considered in such cases demonstrates this. **[2]** While there can be but one action brought or one recovery had either by the personal representative of the deceased or the heirs (see *Danbert* v. *Western Meat Co.*, 139 Cal. 480, [96 Am. St. Rep. 154, 69 Pac. 297, 73 Pac. 244]), and while the recovery in such an action should be of a single "lump sum" for all (see *Robinson et al.* v. *Western States etc. Co.*, 184 Cal. 401, [194 Pac. 39]), the total recovery to be had is the aggregate of the *pecuniary loss of each of the heirs who has suffered a pecuniary loss* by reason of the death of the deceased. As put in *Robinson* v. *Western States etc. Co.*, *supra*, this "lump sum" includes "of course, the damages to each of them." In *Johnson* v. *Southern Pacific Co.*, 154 Cal. 285, 298, [97 Pac. 520, 526], an action by the surviving husband and the children of a deceased wife and mother, it was held that the trial court properly instructed the jury "that the husband was entitled to recover the value of the present and future services of the 'wife and companion,' and the children the value of the mother's 'nurture and instruction, moral and physical, and intellectual training,' that they 'must award such a lump sum for damages as will fully compensate the plaintiffs, both the husband and children, for the pecuniary value to them of the wife and mother.' " It is the *pecuniary loss* to an heir by reason of the death that is recoverable, and that only. (See generally on this subject, *Simoneau* v. *Pacific Electric Ry. Co.*, 159 Cal. 494, 505, 509, [115 Pac. 320].) It follows, inevitably, that there can be no substantial recovery on account of any heir who has not suffered substantial pecuniary injury. This was in effect decided by this court in *Burk* v. *Arcata etc. R. R. Co.*, 125 Cal. 364, [73 Am. St. Rep. 52, 57 Pac.

1065], where the syllabi correctly state the questions decided as follows:

"In an action for a death brought by the adult collateral heirs of the deceased, the mere fact that they are such heirs does not tend to show pecuniary damage; and in the absence of other proof tending to show actual damages or at least, probable loss, resulting to them from the death, the jury should be instructed that their recovery must be limited to nominal damages."

"Mere speculative or conjectural possibilities of benefits to the parties complaining are not a proper basis for an estimate of damages resulting from a death."

[3] In the light afforded by the views expressed in our decisions, it is obvious that the distribution among "heirs" of damages recovered by the statutory trustee must be upon the basis of the pecuniary loss of each, rather than upon his rights under our succession statutes with regard to property constituting the estate left by the decedent. How perfectly absurd it would appear to be to hold that where the whole amount of a recovery is given solely on account of the pecuniary injury to the surviving wife, one-half thereof must go to a surviving father or mother or brother or sister of decedent who has suffered no pecuniary injury whatever. Yet such would be the effect of appellant's construction of the section. Her contention is based almost solely on the use of the word "heirs," and the meaning of that word as used in the law of this state. Appellant is undoubtedly right in her claim as to the meaning of the word "heirs." [4] It denotes, as said in *Redfield* v. *Oakland etc. Co.*, 110 Cal. 277, 290, [42 Pac. 822, 825], all "those who are capable of inheriting from the deceased person" under our statutes of succession, or, as said in *Estate of Watts*, 179 Cal. 20, 22, [175 Pac. 415], "the persons who would by the statute succeed to the real estate, [or in California estate of any kind] in case of intestacy." But, as said in the Redfield case, *supra*, "The recovery is for the injury inflicted upon the plaintiffs personally, and not for injuries inflicted upon her [the deceased]; and the word 'heirs' in the statute is intended to *limit the right of recovery* to a class of persons who, because of their relations to the deceased, are supposed to be injured by her death." (Italics are ours.) In other words, the plain design of the statute is to give solely to the

members of a certain class the opportunity to recover damages for such pecuniary loss as they had suffered by reason of the death of the decedent, and to recompense, in so far as the law can do so, each of such class who has suffered pecuniary loss.

There is nothing in our statute compelling a different construction from that which, in our opinion, our decisions give to section 377 of the Code of Civil Procedure, as was the situation in *Snedeker* v. *Snedeker,* 164 N. Y. 58, [58 N. E. 4], relied on by appellant. The New York statute expressly provided that the amount collected in such an action "must be distributed by the plaintiff, as if they were unbequeathed assets, left in his hands after payment of all debts and expenses of administration." Manifestly, this decision cannot assist in the construction of our statute. And we may well say with relation to decisions from other states relied on by counsel for appellant, as was said in *Earley* v. *Pacific etc. Ry. Co.,* 176 Cal. 79, 80, [L. R. A. 1918A, 997, 167 Pac. 513] : "It would not be without interest, but at the same time it is wholly unnecessary to follow these learned counsel in their analyses of the varying statutes and the decisions of the courts upon them. For when the last word shall have been said in such a consideration, the paramount fact will still remain that rights under our section 377 of the Code of Civil Procedure are to be defined not by what other courts have said touching their own statutes, but from the meaning and intent of our own law derived from a reading of it." It is interesting to note that our original statute relative to actions of this character (Stats. 1862, p. 448) contained a provision directing distribution of the proceeds of the action to "the widow and next of kin," "in the proportions provided by law in relation to the distribution of personal property left by persons dying intestate," and that when it came to the enactment of the codes the whole subject matter was revised and the direction as to distribution entirely omitted.

[5] One word more with relation to the procedure adopted in this matter. The matter was apparently treated as a proceeding in probate, and is entitled "In the Matter of the Estate of Egisto Riccomi, Deceased." As we have seen, this money constituted no part of the estate of said deceased, and the proceeding is not one within the *probate* jurisdiction of the superior court. However, the proceeding was

in substance one on behalf of an heir of the deceased against a trustee for an accounting and recovery of moneys as to which a beneficial interest on the part of such heir is alleged. It was one as to the subject matter of which the superior court had full jurisdiction, and by virtue of their appearance the court had jurisdiction also of the parties, with the result that its order or judgment is an effective adjudication as between the parties. (See *Faxon* v. *All Persons,* 166 Cal. 707, 711, 712, [L. R. A. 1916B, 1209, 137 Pac. 919].)

The judgment or order appealed from is affirmed.

Shaw, J., Olney, J., Wilbur, J., Sloane, J., Lennon, J., and Lawlor, J., concurred.

Rehearing denied.

All the Justices concurred.