claimed by appellants. Appellants' contention, when analyzed, is in effect this: that because the plaintiff in suing to recover a balance of account running into thousands of dollars, claims two items aggregating forty-four dollars, to which he is not justly entitled, the court should fine him more than $3,300, and make a gift of that sum to the defendants. If such were the law, this would indeed be a dreary world for creditors. **[2]** It is, however, sufficient to say that the trial court found against the defendants upon this issue, and that its finding is amply supported by the evidence.

This appeal is wholly devoid of merit and it appears to us that it was made for delay. By means of the appeal the defendants have succeeded in depriving the plaintiff of the fruits of his just judgment for a period of nine months, and have subjected him to the additional expense of defending his judgment. This court is not disposed to encourage such conduct. It is, therefore, ordered that the judgment appealed from be and it is hereby affirmed, and that there shall be added to the costs herein the sum of $250 as damages for this frivolous appeal.

Lennon, J., Waste, J., Seawell, J., Kerrigan, J., Wilbur, C. J., and Lawlor, J., concurred.

---

[L. A. No. 7257.  In Bank.—February 26, 1923.]

ANNIE POWERS et al., Respondents, v. SUTHERLAND AUTO STAGE COMPANY et al., Appellants.

[1] Negligence—Damages—Section 377, Code of Civil Procedure.— The only damages recoverable by heirs of a deceased person under section 377 of the Code of Civil Procedure are compensatory damages for the pecuniary loss to them by reason of his death.

[2] Id.—Death of Husband—Pecuniary Loss—Right of Support.— The pecuniary loss suffered by a wife from the death of her

---

2. Measure of damages for death of husband, notes, 3 **Ann. Cas.** 103; 16 **Ann. Cas.** 932.

Abandonment of wife or child as affecting right to recover damages for negligent death of husband or father, notes, 32 **L. R. A. (N. S.)** 362; **L. R. A.** 1916C, 806; **L. R. A.** 1916E, 118.

husband caused by defendant's negligence, where the husband was living separate from her and not supporting her, is the loss of her enforceable right to support, and she is entitled to recover damages therefor.

[3] Id.—Evidence—Mortality Tables.—In an action for damages by a wife for the death of her husband, alleged to have been caused by defendants' negligence, mortality tables are admissible for the purpose of ascertaining the deceased's expectancy of life.

[4] Id.—Verdict—When not Excessive.—In such a case where the deceased at the time of his death was an able-bodied man, forty-eight years of age, and, according to mortality tables, had a life expectancy of over twenty years, a verdict in favor of the wife for three thousand six hundred dollars as general damages was not so excessive as to show a clear abuse of the trial court's discretion when passing upon a motion for a new trial.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. H. Thomas and B. P. Gibbs for Appellants.

Joseph Scott and A. G. Ritter for Respondents.

LENNON, J.—This is an action for the pecuniary loss suffered by reason of the death of Frank Powers, brought by Annie Powers, his surviving widow, and Marguerite Powers, his daughter, against the defendant automobile stage company. The death of Frank Powers was caused by the overturning of an autostage bus owned and operated by the defendant company, which accident it is undisputed was due to the negligence of the defendant. At the trial it was conceded by counsel for plaintiff that the daughter, although joined in the action upon the assumption that she was a proper party under section 377 of the Code of Civil Procedure, was not entitled to any portion of the damages awarded, for the reason that she was over the age of major-

3. Admissibility of mortality tables in death action, notes, 12 Ann. Cas. 425; Ann. Cas. 1914C, 685; Ann. Cas. 1918A, 1021; 40 L. R. A. 553; L. R. A. 1918C, 1071.

4. Excessive or inadequate damages for personal injuries resulting in death, notes, 18 Ann. Cas. 1209; Ann. Cas. 1915C, 449; L. R. A. 1916C, 820.

ity at the time of the death of the deceased and was not entitled to support from him.

The case was tried by the court, sitting without a jury, and an award was made of $3,600 as general damages and $330 for funeral expenses and other expenses incurred as the result of the death of the deceased. The item of $330 allowed for funeral expenses is not disputed and the appeal is from the judgment for $3,600 as general damages. The sole question involved is whether or not the damages awarded by the trial court were excessive.

It is an admitted fact that the deceased and his wife had been living separate and apart, although not legally separated or divorced, for over thirteen years, and that during that time she had received no support from her husband, with the exception of several small checks for five dollars or ten dollars which he had sent to her at infrequent intervals, previous to 1915. Since that time she had heard nothing from him nor knew of his whereabouts. During the three or four years just prior to his death he had been living in illicit relations with and supporting another woman. From these facts it is argued that the widow had suffered no damages by reason of his death. And the argument is made that any damages at all allowed to a widow for the death of her husband from whom she had been receiving no support would be excessive.

This position is, we think, untenable.

[1] It is well settled in California that the only damages recoverable by heirs under section 377 of the Code of Civil Procedure are compensatory damages "for the pecuniary loss to them by reason of his death." (*Estate of Riccomi,* 185 Cal. 458, 461 [14 A. L. R. 509, 197 Pac. 97].)

[2] The pecuniary loss suffered by the wife in the instant case is the loss by the death of her husband of her legally enforceable right of support. Despite the fact that the husband had left his wife; had for a long time past contributed nothing to her support, and perhaps may have intended never to return to her, yet so long as the marriage relation existed she was entitled to support from him in the absence of any evidence that she had forfeited the right by her own wrong. This was a right which she could at any time during his life have legally enforced. It was a right created by the marriage relation and would exist so long as the

marriage relation itself existed. By the negligent act of the defendant the relation was terminated and the plaintiff was deprived of the right of support to which she was legally entitled. The defendant having negligently caused the death of her husband cannot deprive her of damages by the plea that her husband had not been fulfilling the duties he owed to her.

The recent case of *Shebley* v. *Peters*, 53 Cal. App. 288 [200 Pac. 364], which was an action in damages for the death of a husband and father, while not directly in point, tends to sustain this conclusion. In that case this court, in denying a hearing after judgment in the district court of appeal, held that evidence that the widow and children of decedent were dependent upon him for support was inadmissible for the reason that "their loss is the same regardless of their dependence upon him for support. Such support is the right of every wife and minor child to receive from the husband and father, even if they are not dependent upon him at all, but have ample means of their own. They are entitled to support from him in any event even if they do not get it."

This same conclusion, viz., that the legal liability of a husband for the support of his wife may be the basis of assessing damages against one who has negligently caused his death, although he has deserted her and although she knows nothing of his whereabouts, has been reached practically without exception in every other state where this point has been presented. (*Ingersoll* v. *Detroit & Mackinac Ry. Co.*, 163 Mich. 268 [32 L. R. A. (N. S.) 362, 128 N. W. 227]; *Galveston, H. & S. A. Ry. Co.* v. *Murray* (Tex. Civ.), 99 S. W. 144; *Dunbar* v. *Charleston & W. C. Ry. Co.*, 186 Fed. 175; *Taylor* v. *San Antonio Gas & Electric Co.* (Tex. Civ.), 93 S. W. 674; *De Garcia* v. *San Antonio & A. P. R. Co.* (Tex. Civ.), 77 S. W. 275; *Dallas & W. R. Co.* v. *Spicker*, 61 Tex. 427 [48 Am. Rep. 297]; *Baltimore & O. R. Co.* v. *State*, 81 Md. 371 [32 Atl. 201]; *Austin* v. *Metropolitan St. R. Co.*, 108 App. Div. 249 [95 N. Y. Supp. 740]. See, also, *Gulf C. & S. F. Ry. Co.* v. *Delaney*, 22 Tex. Civ. App. 427 [55 S. W. 538]; *International & G. N. R. Co.* v. *Culpepper*, 19 Tex. Civ. App. 182 [46 S. W. 922].)

The cases of *Estate of Riccomi*, 185 Cal. 458 [14 A. L. R. 509, 197 Pac. 97], and *Burk* v. *Arcata & Mad River Ry.*

*Co.,* 125 Cal. 364 [73 Am. St. Rep. 52, 57 Pac. 1065], and kindred cases, cited and relied upon by defendant, were founded upon causes of actions by collateral heirs to whom the deceased owed no duty of support. They have, of course, no application to an action brought by a wife or minor children for whose support deceased was legally liable.

The deceased at the time of his death was an able-bodied man, forty-eight years of age. **[3]** Mortality tables were admissible for the purpose of ascertaining his expectancy of life. (*Dickinson* v. *Southern Pac. Ry. Co.,* 172 Cal. 727 [158 Pac. 183].) According to those tables the deceased had a life expectancy of over twenty years. The amount of damages awarded the widow was, therefore, only equivalent to a payment of fifteen dollars per month to the support of the wife. In view of the fact that the plaintiff and deceased had been living apart, nothing could have been awarded to the plaintiff for the loss of the society, comfort, and protection of the deceased. The amount awarded is solely attributable, therefore, to the loss by the death of the husband of the legally enforceable right of support against him. **[4]** The amount awarded is not so excessive, in our opinion, as to "shock the moral sense" or to "suggest at first blush passion or prejudice," nor to show a clear abuse of the trial court's discretion when passing upon the motion for a new trial. (*Lee* v. *Southern Pac. Co.,* 101 Cal. 118 [35 Pac. 572].)

Judgment affirmed.

Seawell, J., Waste, J., Myers, J., Kerrigan, J., Wilbur, C. J., and Lawlor, J., concurred.