David D. Steenberg, as Executor, etc., of Julia Steenberg, Deceased, Appellant, *v.* Zina C. Lewis, Respondent.

*Motor vehicles — injuries to pedestrian — verdict in action by executor for $100 is inadequate and judgment is reversed.*

Appeal from a judgment of the Supreme Court in favor of the plaintiff, entered in the Saratoga county clerk's office on March 1, 1927, upon the verdict of a jury for $100, and also from an order entered in said clerk's office on the same day, denying plaintiff's motion for a new trial made upon the minutes.

Per Curiam. Julia Steenberg was fatally injured on July 5, 1926, when she was struck by defendant's automobile on Broad street in the village of Waterford. Two actions were brought to recover the damages arising from her death through the wrongful act of defendant — one by her husband individually; the other by

her husband as executor. Both actions were tried at the same time. In the first a verdict was rendered for $629, the amount of the doctor's bill and hospital bill following the accident. In the second the verdict was $100. The plaintiff has appealed from this judgment on the ground that the damages are inadequate. This verdict is " a travesty of justice." (*Meyer* v. *Hart*, 23 App. Div. 131.) The funeral expenses alone were stipulated $230.30. The defendant having been found liable should at least have been charged with this amount, representing definite pecuniary loss. (*Murphy* v. *N. Y. Central & H. R. R. R. Co.*, 88 N. Y. 445; *Palmer* v. *New York Central & H. R. R. R. Co.*, 153 App. Div. 296, 298; Decedent Estate Law, § 132.*) There were quite evidently other damages, to wit, the value of the services of the wife. (*Klemm* v. *N. Y. C. & H. R. R. R. Co.*, 78 Hun, 277; *Cregin* v. *Brooklyn Crosstown R. R. Co.*, 83 N. Y. 595; *Austin* v. *Metropolitan St. R. Co.*, 108 App. Div. 249; *Meyer* v. *Hart, supra.*) Proof was made that the wife assisted her husband as clerk in his store. It is true the value of these services was not established as the rule requires. (*Houghkirk* v. *President, etc.*, 92 N. Y. 219.) But without objection the trial court submitted the question fixing " fair and just compensation for the pecuniary injury resulting from decedent's death," to the jury. As there was nothing besides the stipulated funeral expenses and the loss of services, it may be assumed that there was general consent that the latter should be appraised by the jury from their general knowledge and experience of the value of such services. Had a reasonable sum been fixed, the respondent would be in no position to question it, for he neither objected nor requested the court to limit the damages to an amount definitely established by the proof. The interests of justice require a new trial. The judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event. Cochrane, P. J., Van Kirk, McCann, Davis and Whitmyer, JJ., concur. Judgment and order reversed on the law and facts and new trial granted, with costs to the appellant to abide the event.