[Civ. No. 274. Fourth Appellate District.—April 18, 1930.]

ALLEN B. BOWEN et al., Respondents, v. SIMON KIZIRIAN, Appellant.

B. W. Gearhart and Lindsay & Gearhart for Appellant.

Gallaher & Jertberg for Respondents.

BARNARD, J.—This action arose out of a collision between two automobiles, one driven by Allen B. Bowen, in which his wife, Hazel E. Bowen, was a passenger, and the other driven by one of the defendants, who was accompanied at the time by the other defendant, who was the owner of the car. As a result of the accident Hazel E. Bowen was almost instantly killed.

This action was brought under the provisions of section 377 of the Code of Civil Procedure by Allen B. Bowen, both individually, and as guardian *ad litem* of June Charlotte Bowen, an infant of the age of twenty-one months, the

daughter of Allen B. Bowen and his deceased wife. The case was tried without a jury, and the court found that the collision was the result of negligence on the part of the defendant Simon Kizirian, coupled with the contributory negligence of the plaintiff, Allen B. Bowen. Recovery was therefore denied to Bowen in his individual capacity, but the court awarded damages to the minor plaintiff in the sum of $1,000. The court found that the said minor was free from any negligence proximately contributing to or causing the death of the deceased; that the deceased was free from negligence proximately causing or contributing to the accident and her resultant death; that the negligence and carelessness of the appellant, Simon Kizirian, directly and proximately caused the death of the deceased; that the negligence of the plaintiff Allen B. Bowen proximately contributed to the death of the deceased; and that the respondent minor, by reason of the death of the deceased proximately caused by the negligence of appellant, was damaged in the sum of $1,000. The defendant Simon Kizirian has appealed upon the judgment-roll alone, and the sole question presented is whether, under the provisions of section 377 of the Code of Civil Procedure, the contributory negligence of the plaintiff Allen B. Bowen, bars recovery by the respondent minor for the damages sustained by her.

While there is a conflict in the decisions of the highest courts of other states upon the question now before us, this divergence in opinion is in part due to differences in statutes in the respective states. In *Early* v. *Pacific Electric Ry. Co.*, 176 Cal. 79 [L. R. A. 1918A, 997, 167 Pac. 513], the court said: "It would not be without interest, but at the same time it is wholly unnecessary to follow these learned counsel in their analyses of the varying statutes and the decisions of the courts upon them. For when the last word shall have been said in such a consideration, the paramount fact will still remain that rights under our section 377 of the Code of Civil Procedure are to be defined not by what other courts have said touching their own statutes, but from the meaning and intent of our own law derived from a reading of it."

While this language was used in connection with the interpretation of this section of the code in a respect other

than that now before us, it is equally applicable to the present problem.

It is the contention of the appellant that since the recovery in such an action as this is for a single gross amount in an inseparable cause of action, in which all the heirs must join, it must follow that the contributory negligence of one of the heirs will bar a recovery on the part of any other heir. ▮ It is settled that there can be but one action brought and one recovery had for such damages as were sought in this action. (*Daubert* v. *Western Meat Co.,* 139 Cal. 480 [96 Am. St. Rep. 154, 69 Pac. 297, 73 Pac. 244].) The judgment itself must be for a single lump sum, but it does not follow that each heir shall share equally in the amount recovered. It is well settled that the proceeds of such an action are not to be distributed in the manner provided by the laws of succession, but such proceeds are to be shared by the heirs upon the basis of the pecuniary loss of each. (*Estate of Riccomi,* 185 Cal. 458 [14 A. L. R. 509, 197 Pac. 97, 98].) In the case just cited the court said: ''How perfectly absurd it would appear to be to hold that where the whole amount of a recovery is given solely on account of the pecuniary injury to the surviving wife, one-half thereof must go to a surviving father or mother or brother or sister of decedent who has suffered no pecuniary injury whatever.''

Nor can there be any recovery on account of any heir who has not suffered loss. (*Burk* v. *Arcata & Mad River R. R. Co.,* 125 Cal. 364 [73 Am. St. Rep. 52, 57 Pac. 1065]; *Estate of Riccomi, supra.*) While the verdict should be for a single lump sum, it has been held proper to look to the jurors' answer to special interrogatories, in order to determine how they arrived at the total. (*Griffey* v. *Pacific Ry. Co.,* 58 Cal. App. 509 [209 Pac. 45].) It is the purpose of the statute to provide a single cause of action for all the heirs, and while the statute does not provide for a distribution of the proceeds among those entitled thereto, it has been held that even a verdict for separate damages to each of two heirs would not be reversed. (*Robinson* v. *Western States Gas Co.,* 184 Cal. 401 [194 Pac. 39, 43].) In that case the court said: ''The defendant has no interest in the division which the plaintiffs may make among themselves, or which may be made for them, of the damages recovered. The statute con-

templates a single recovery for the benefit of the family of the deceased or those of his heirs who are dependent upon him for support. Whether it is divided among them after recovery or not, or how it is divided, are matters of no concern to the defendant. If the damages are not excessive, as is in effect admitted by the failure to object on that account, the defendant has no reason to complain, or at least his reason is not sufficient to warrant a reversal of the judgment, because of this defect in the form of the judgment.''

It is established that the failure of one of the plaintiffs to prove loss will not defeat recovery by another of the plaintiffs whose pecuniary loss has been proved. And this notwithstanding the fact that under the statute, as interpreted by our courts, only one action may be brought and only one judgment recovered. So far as the interpretation of this statute is concerned, no reason appears why the rule should be any different where the evidence discloses that one of the parties is not entitled to recover, not on account of a failure to prove pecuniary loss, but because of the intervention of another rule, such as contributory negligence. In *Estate of Riccomi, supra,* it is said it would be absurd to hold that because two heirs must join in one action, the one proving damage must share the proceeds with the one suffering no injury. It would seem equally absurd to hold that an innocent party cannot recover because another party, with whom he is required by law to be joined as plaintiff, is not innocent. We find nothing in the fact that all of the heirs must join in the action, and that there must be but one recovery that would prevent a recovery by this plaintiff, because of any contributory negligence on the part of her coplaintiff.

Neither is it necessary to so hold, on the theory that a recovery on the part of the child might indirectly benefit the father, and thus permit him to recover in spite of his own wrong. No such reason applies as in the case where a husband is suing for the death of a minor child, in which case it has been held that since the wife represents the community, her negligence is the negligence of the husband, and will prevent a recovery, on the part of the community. (*Keena* v. *United Railroads of S. F.,* 57 Cal. App. 124 [207 Pac. 35].) In the instant case, the child is in no way connected with any negligence on the part of the father and

such negligence is not to be imputed to her. (*Zarzana* v. *Neve Drug Co.*, 180 Cal. 32 [15 A. L. R. 401, 179 Pac. 203].) This last case quotes Beach on Contributory Negligence, as follows: "The rule of imputed negligence, as applied to persons *non sui juris*, is an anomaly. The English law on this point presents an extraordinary illustration. On the one hand it is held that the negligence of the person having charge of a child is the negligence of the child, and imputable to it, when the child comes into a court of justice and asks damages for an injury negligently inflicted upon it by the defendant. But, *per contra*, when a donkey is carelessly run down in the highway, where he is negligently exposed, the defendant is liable, and though oysters are negligently placed in a river-bed, it is an injury redressible at law in damages for a vessel negligently to disturb them. It appears, therefore, that the child, were he an ass or an oyster, would secure a protection which is denied him as a human being of tender years, in such jurisdictions as enforce the English or the New York rule in this respect."

The court then holds as follows: "Following in the wake of the preponderating weight of authority we may well and wisely, although somewhat tardily, declare that the rule of imputed negligence as applied to actions by children in their own right no longer prevails, if it ever did prevail, in this jurisdiction."

To sustain the contentions of the appellant would, in effect, change this rule and make the negligence of a father imputable to the child, in cases brought under section 377 of the Code of Civil Procedure, in variance with the general rule established in this state. We think it is possible to so interpret this section as to make it harmonize with other well-established principles of law. ▮ This is especially true since the damages suffered by a child arising from the death of its mother, are entirely separate and distinct from those of a husband occasioned by the loss of his wife. (*Valente* v. *Sierra Ry. Co.*, 158 Cal. 412 [111 Pac. 95].) Not only is this true, but the damages suffered by the child include not only those suffered during minority, but those arising after arrival at majority, during the probable duration of the life of the mother. (*Valente* v. *Sierra Ry. Co.*, supra.) Every presumption is in favor of the judgment, and if it were necessary, it would have to be presumed that

the damages awarded herein were those found by the court as reasonably certain to arise after the minor here in question attains her majority. But irrespective of this, and if the damages awarded be assumed to cover the period before majority, as well as after, the father has no such interest in the amount awarded as would bar recovery on the part of the minor. Until the minor reaches majority the amount recovered will be in the control of the court in the guardianship proceedings, and the father cannot profit thereby. Under the law he is not even relieved from his duty to support the child, regardless of whether or not the child receives this award. While it was necessary for this suit to be filed by a guardian *ad litem*, and it happens that the father acted as such, the recovery is in his representative capacity only, and he is in no degree interested therein.

A further consideration is that any statute should be so interpreted, when possible, as to give effect to all parts thereof. (Code Civ. Proc., sec. 1858.) The statute here in question closes with these words: "In every action under this and the preceding section, such damages may be given as under all the circumstances of the case, may be just." While it may be justice to deny compensation to one whose own negligence has contributed to his injury, to refuse recovery to one who is both innocent and too young to be otherwise, would hardly seem to come under that head. To so hold would require not only a strict interpretation of this statute, but a disregard of its final provision, and the reading into the section of elements not put there by the legislature.

Although used in connection with a different statute, we think the following language from a Minnesota case applies to the facts here: "We see no principle of law on which it can be said that the negligence of one beneficiary can prejudice other beneficiaries. There is no partnership or community interest between them; one is in no sense the agent or representative of others. His negligence should not be imputed to them, and it should detract nothing from them. . . . His negligence is not a bar to their right." (*Kokesh* v. *Price*, 136 Minn. 304 [23 A. L. R. 643, 161 N. W. 715].)

The theory of contributory negligence is often a harsh one, preventing a recovery even though the negligence is but slight in comparison. We feel there is nothing in the

theory requiring its extension to the extreme of denying a recovery to an innocent minor, under the circumstances in this case. Nor is this required by the code section here involved. The purpose of the statute is, of course, to require that one action only be brought, but in our opinion it no more makes the right of recovery of one plaintiff dependent upon the freedom of a coplaintiff from any legal disability, than upon the ability of a coplaintiff to prove that he has suffered a pecuniary loss. Although the trial court in its findings separated the damages of the two plaintiffs and allowed recovery only to one not in fault, the resultant judgment was for a lump sum, was for the total of the amount shown by the evidence to be properly allowable to both, and is not in conflict with the provisions of this section.

The judgment is affirmed.

Marks, Acting P. J., and Beaumont, J., *pro tem.,* concurred.