[S. F. No. 13458. In Bank.—August 27, 1931.]

MICHAEL BOWLER et al., Respondents, v. ROBERT A. ROOS et al., Appellants.

Bronson, Bronson & Slaven for Appellants.

Vincent W. Hallinan for Respondents.

THE COURT.—This is an action for wrongful death. The deceased, Mrs. Bridget Bowler, a woman sixty-two years of age, was riding in an automobile driven by her son, Edward Bowler, when a collision occurred between the said automobile and one driven by defendant Larson for his employer, defendant Roos. The heirs of Mrs. Bowler, nine in number, joined in this action, and the jury returned a verdict in their favor in the sum of $7,000. The evidence satisfactorily establishes negligence on the part of defendant Larson and contributory negligence on the part of Edward Bowler.

Counsel for defendant urged that the action for wrongful death should be barred by the contributory negligence of any heir, on the theory that the action is single and indivisible, and if recovery by one heir is barred, the bar must necessarily apply to all. The argument is without substance and it is not, as counsel suggest, newly raised in this state. It was presented, fully considered, and rejected in *Bowen* v. *Kizirian*, 105 Cal. App. 286 [287 Pac. 570]. The court there said (105 Cal. App. 290 [287 Pac. 570, 571]): "It is established that the failure of one of the plaintiffs to prove loss will not defeat recovery by another of the plaintiffs whose pecuniary loss has been proved. And this notwithstanding the fact that under the statute, as interpreted by our courts, only one action may be brought and only one judgment recovered. So far as the interpretation of this statute is concerned, no reason appears why the rule should be any different where the evidence discloses that one of the parties is not entitled to recover, not on ac-

486

count of a failure to prove pecuniary loss, but because of the intervention of another rule, such as contributory negligence. In *Estate of Riccomi*, 185 Cal. 458 [14 A. L. R. 509, 197 Pac. 97], . . . it is said that it would be absurd to hold that because two heirs must join in one action, the one proving damage must share the proceeds with the one suffering no injury. It would seem equally absurd to hold that an innocent party cannot recover because another party, with whom he is required by law to be joined as plaintiff, is not innocent.''

██ Defendants contend, however, that the trial court should have granted their motion for a new trial, and this contention must, we think, be sustained. Of the nine heirs who brought this action, all were adults, and only three lived with the deceased. Two of these, James and Bernice Bowler, worked and supported her. Practically all of the children were self-supporting. The only heirs who can possibly be deemed to have suffered substantial loss appear to be Mary Cruise and Nora Bowler. The former is a nurse, divorced from her husband, having the custody of three minor children, all of them of school age and attending school. She testified that the deceased took care of the children when she was away on a case, giving them food, and at other times making clothes and washing clothes for them. Nora Bowler was, according to the testimony, a woman of twenty-eight, but mentally incompetent, subject to epileptic fits, and requiring constant care and attention. Evidence offered by plaintiffs tended to show that the deceased took care of her.

Defendants moved for a new trial, and in support of their motion offered the affidavit of Mrs. Rose C. Ray stating that Nora Bowler had been employed by her as a household servant for several years, including the period covered by the testimony of plaintiffs already referred to; that she had received wages of $50 per month; that her health was good and that she did her work in a satisfactory manner. Defendants made a showing of diligence, and in this connection called attention to the testimony of plaintiff Edward Bowler in his deposition taken before the trial, wherein he stated that Nora Bowler was employed in domestic service. This statement, of course, was contradicted by other evidence offered by plaintiffs at the trial. The affidavit tended to establish perjury on a material issue in the case, and no counter-

affidavit was filed. The only defense to the motion was the testimony of a physician to the effect that Nora Bowler was feeble-minded. This might be true and still in no way overcome the charge made in the affidavit.

Although the trial court is vested with a broad discretion in the matter of granting new trials, we think this a case where the denial of such relief cannot be justified.

The judgment and order appealed from are reversed, with directions to the lower court to grant a new trial to defendants.