[Civ. No. 2247. Fourth Appellate District.—March 31, 1939.]

MARY CARMODY, Respondent, v. M. H. POWELL et al.,
Defendants; CHESTER H. McDOWELL et al., Appellants.

George S. Hupp and Daniel M. Potter for Appellants.

Claflin, Dorsey & Campbell and McClure & Leddy for Respondent.

BARNARD, P. J.—This is a companion case to *Williams* v.
*McDowell et al.*, Civil No. 2246 (*ante*, p. 49 [89 Pac. (2d)
155]), this day decided. The two cases were tried together,
although not consolidated, and both appeals have been presented upon the same transcript. In the instant case plaintiff is the mother of Mr. Hines, who was killed in the accident in question. From the judgment in her favor, in the

sum of $1500, the defendants McDowell and Powell have appealed.

Two points raised in the other case are raised here, namely, that the findings do not support the judgment and that the finding that the negligence of these appellants was a proximate cause of the accident is not supported by the evidence. The argument presented is the same as that made in the other case and no further consideration is necessary.

No contention is made that the amount of the judgment in this case is excessive. ■ It is here contended, however, that the court's finding that the respondent was the sole heir of the decedent Hines is not supported by the evidence. The respondent alleged in her complaint that she was the sole heir of Hines and this was denied in the answer. It is argued that while it appears from the evidence that respondent is the mother of Hines, that he contributed to her support, and that he had no children, it also appears that Hines' wife survived him by a few minutes, making her also an heir.

There is an entire absence of evidence as to what property was left by Hines. The respondent testified, by deposition, that she knew of no separate property owned by Hines at the time of his marriage. This is not surprising as she lived in Indianapolis and he lived in Los Angeles. Apparently he had an automobile, but there was neither evidence of what it was worth after the wreck nor that it was community property, although counsel asserts that this was true. Although counsel repeatedly states that Mrs. Hines outlived her husband for a few minutes we can find no evidence in the record to this effect. Counsel for the appellants and counsel for the defendant Nier stipulated to that effect, but counsel for this respondent refused to so stipulate and no evidence was produced in that regard. Hines was 36 years old, his wife 33, both were killed in the same wreck, and under section 1963 of the Code of Civil Procedure there was a presumption that Hines outlived his wife. This presumption supports the finding complained of in the absence of evidence to the contrary.

■ A further consideration is that, even assuming that the wife outlived the husband and was also an heir, her pecuniary loss could only have been nominal as, in any event, she outlived him only a few minutes. If the point had been properly raised in the trial court the matter

could have been cured by an amendment to the complaint. (*Rabe* v. *Western Union Tel. Co.*, 198 Cal. 290 [244 Pac. 1077].) The fact that the respondent was an heir of Hines was sufficiently established by the evidence. (*Estate of Riccomi*, 185 Cal. 458 [197 Pac. 97, 14 A. L. R. 509].)

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 27, 1939, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 29, 1939.