243 P.2d 605

**TREFZER v. STILES et al.**

No. 5488.

Supreme Court of New Mexico.

April 24, 1952.

A. B. Carpenter, Roswell, for appellant.

G. T. Watts, Roswell, for appellees.

McGHEE, Justice.

This action was instituted for the benefit of a three year old child for the wrongful death of his mother.

On the night of November 11, 1949, an east bound truck pulling a trailer loaded with cattle became disabled on the highway in the lane of east bound traffic some 28 miles west of Roswell, New Mexico. The truck and trailer belonged to the defendants and the truck was being driven by their employee and agent, Henry M. Craig. The driver was unable to move the truck and trailer off the paved portion of the highway and left them sitting there with clearance lights burning but without putting out flares, fusees, flags or other warnings. In fact, the truck was not equipped with any such devices. Instead of staying with the truck and giving such warnings as he could to the drivers of vehicles who might later use the highway, the driver caught a ride into Riverside, some four miles to the west, where he telephoned to his employers and advised them of his trouble. He did catch a ride during the night and go back to the truck one time to see that none of the cattle were down in the truck, but then again returned to Riverside from which point he did not return until after the occurrence of the accident involved in this appeal. The decedent was riding in the front seat of the car while her husband (and father of the child for whose benefit this action was brought) drove and another passenger rode in the rear seat. Their car approached from the west and met another truck coming from the east a short distance from the point where defendants' truck was parked. It being night time the drivers of both vehicles dimmed their lights to pass and immediately after such passing, the car in which decedent was riding crashed into the rear end of the trailer attached to the parked truck. The decedent and her husband were instantly and simultaneously killed and the other passenger was also killed. Fortunately the child for whose benefit this action was

brought had been left at home when his parents departed on the trip which resulted in their deaths.

Following a trial before a jury a verdict was returned finding the issues in favor of the defendants, and judgment was rendered in accordance therewith.

█ The failure of the defendants to equip the truck with flares, fusees and flags, and of the driver to put such devices out as required by Sec. 68–728, N.M.S.A., 1941 Comp., was negligence per se. Hisaw v. Hendrix, 54 N.M. 119, 215 P.2d 598.

The first ground urged for a reversal is that the pleadings were insufficient to authorize the trial court to submit the question of the contributory negligence of the husband of the decedent to the jury, and to then advise the jury, in effect, if it found the husband was guilty of contributory negligence such would be imputed to the decedent, and its verdict must, in such event be for the defendants.

Under the view we take of the law of the case the pleadings on this point become immaterial to a decision of the case.

The question is new in this state, but all other community property states, except Nevada, hold a cause of action for personal injuries to the wife belongs to the community, and, generally, by reason thereof. the contributory negligence of the husband is imputed to the wife, to the end the husband, who would share in the recovery,

shall not be allowed to profit by his own wrong. The California courts recognize the doctrine that damages recovered by the wife for personal injuries constitute an asset of the community, but where the action is for the wrongful death of the wife and children share in the recovery, the rule is invoked only against the husband and not against the children. Bowen v. Kizirian, 105 Cal.App. 286, 287 P. 570; Bowler v. Roos, 213 Cal. 484, 2 P.2d 817; Chinnis v. Pomona Pump Co., 36 Cal.App. 2d 633, 98 P.2d 560; Southern P. Co. v. Day, 9 Cir., 38 F.2d 958.

█ In New Mexico the amount recovered under the wrongful death statute, Sec. 24–103, N.M.S.A., 1941 Comp., under which this action was brought, never becomes a part of the assets of the community or of the decedent's estate. Henkel v. Hood, 49 N.M. 45, 156 P.2d 790.

The community was extinguished in the common disaster and the simultaneous deaths of its members, so by no presumption or fiction of law can it be said that any right to the proceeds to be recovered by the child for the wrongful death of its mother passed from the father to the child by reason of his having been a member of the community.

█ It is our view and we hold under the facts of this case that the contributory negligence of the husband may not be imputed to the wife.

The plaintiff tendered the following instructions which were refused by the court, and for which action error is assigned:

"1. You are further instructed, gentlemen of the jury, that a motorist's negligence is not imputed to his guest riding with him in an automobile over which guest has no authority, where guest has no control over motorist or reason to suspect his carelessness, but guest is not absolved from personal care for his own safety, and he must use such care as an ordinarily prudent person would exercise under the circumstances.

"2. Gentlemen of the Jury, you are instructed that plaintiff's decedent is presumed by law to have used due care for her own safety, and that presumption, though rebuttable, is in the eyes of the law the same as evidence, and unless you find that this presumption of care and caution on the part of plaintiff's decedent was overcome by circumstances or evidence of negligence on her part produced by the defendants, then that presumption of freedom from contributory negligence shall abide in plaintiff's case.

"3. In connection with the various claims alleged by the parties hereto, you are instructed that if you find from a preponderance of the evidence in this case that the defendant Henry M. Craig was negligent and that his negligence was the sole proximate cause of the death of the decedent, then your verdict will be for the plaintiff. On the other hand, if you find from the evidence that John L. Hall was negligent in his operation of the car in which the deceased was riding and that said negligence was the sole cause of the accident and death of the deceased, then your verdict will be for the defendants. On the other hand, if you find from the evidence that the driver Henry M. Craig and the driver John L. Hall were both negligent, and that the negligence of both combined to cause this accident, then you find for the plaintiff in such amount as under these instructions you believe him entitled to receive."

As plaintiff's requested instruction No. 1 deals principally with the question of imputed negligence, claimed error in regard to the denial of this instruction has been disposed of by what has already been said on the subject.

 Under our holding that the contributory negligence of the husband was not imputable to the wife, we believe the plaintiff's requested instruction No. 3 correctly summarized the law applicable to the facts in this case. It is well settled that where the negligence of two tortfeasors combines to cause the death of another, either or both may be held liable in the

absence of a valid defense. Gilbert v. New Mexico Construction Co., 39 N.M. 216, 44 P.2d 489; Crespin v. Albuquerque Gas & Electric Co., 39 N.M. 473, 50 P.2d 259; Downing v. Dillard, 55 N.M. 267, 232 P.2d 140.

The trial court likewise erred in failing to give the plaintiff's requested instruction No. 2, to the effect it was to be presumed the decedent used due care for her own safety.

This question was first before this court in the case of De Padilla v. Atchison, T. & S. F. R. Co., 16 N.M. 576, 120 P. 724, 729, where a pedestrian was killed by the defendant's engine on a railroad crossing. We there stated, speaking through Mr. Justice Wright:

"It is also too well settled to allow of discussion that, in the absence of evidence to the contrary, there is a presumption that deceased stopped, looked, and listened. Baltimore & Potomac R. R. Co. v. Landrigan, 191 U.S. 461, 24 S.Ct. 137, 48 L.Ed. 262, and cases cited therein. This presumption is founded on the law of nature; that is, the instinct of self-preservation. In the absence of any evidence as to what the deceased did just prior to the accident, it is never to be presumed that he was negligent."

Here, as stated above, immediately before the accident the car in which the deceased was riding met a truck going west. After passing, the driver of the truck looked in his rear view mirror and saw the passenger car strike the rear end of the defendants' truck-trailer, and that is all the truck driver testified he saw. No other person saw the accident.

In the case of Hogsett v. Hanna, 41 N. M. 22, 63 P.2d 540, 546, we stated:

"The deceased is presumed to have exercised due care. This presumption might be rebutted by circumstantial evidence, and is a question for the trier of facts to determine whether all the facts and circumstances rebutted that presumption."

In Griego v. Conwell, 54 N.M. 287, 222 P.2d 606, the trial court gave an instruction the deceased was presumed to have used due care for his own safety, and it was a matter for the jury to determine whether the facts and circumstances rebutted that presumption. Error was not assigned because of the giving of the instruction, but it was strenuously argued here that even aided by the presumption the facts showed the deceased had been guilty of contributory negligence as a matter of law. The case was a close one on the facts and it was this presumption we felt tipped the scales in favor of the plaintiff and justified us in allowing the judgment against the defendant to stand.

The judgment will be reversed and the cause remanded to the District Court with

instructions to vacate its judgment and grant the plaintiff a new trial in accordance with the views herein expressed. The plaintiff will recover the costs of his appeal.

LUJAN, C. J., and SADLER, COMPTON and COORS, JJ., concur.